THE CITY OF OMAHA, PLAINTIFF IN ERROR, V. JOHN
CANE, DEFENDANT IN ERROR.

1.  **Negligence:** VERDICT NOT AGAINST EVIDENCE. In an action
    against a municipal corporation for negligence, where the ques-
    tion of the contributory negligence of the plaintiff is submitted
    to the jury, and found against the city, the verdict will not be
    set aside unless clearly wrong.

2.  ———: PRACTICE: CONTINUANCE. Where the injury is alleged
    in the petition to have occurred in December, and the testimony
    showed that it occurred in the previous September, it is not
    error to overrule a motion for a continuance, it not appearing
    that the change of time affected the defense..

3.  **Juror Interested in Result of Suit.** Where a person called
    as a juror was a property holder and resident of the municipality
    against which the action was brought, in his examination on his
    *voir dire*, in answer to the question whether, if the evidence was
    equally balanced, his interest would influence his verdict, an-
    swered, " I think it might," *Held*, That he was properly exclud-
    ed from the jury.

ERROR to the district court for Douglas county. Tried
below before NEVILLE, J.

*William J. Connell*, for plaintiff in error, on verdict cited:
*Omaha Horse Railway v. Doolittle*, 7 Neb., 481. *Fort
Wayne v. Krichbaum*, 24 Ohio State, 119. Continuance.
*Billings v. McCoy*, 5 Neb., 187. Juror improperly ex-
cluded: *Omaha v. Olmstead*, 5 Neb., 446. *Corwein v.
Hames*, 11 Johns., 76. *Hill v. Wells*, 6 Pick., 104.

*H. D. Estabrook* (with whom was *E. F. Smythe*), for
defendant in error, on contributory negligence, cited: 2 Dil-
lon Mun. Corp., § 1020 n. *Whittaker v. West Boylston*,
97 Mass., 273. Shear & Redf. Negligence, § 414. Con-
tinuance. *Roberts v. Ward*, 8 Blackf., 333. *Hawkes v.
Lands*, 3 Gilm., 227. Juror. *Wood v. Stoddard*, 2 Johns.,
194.

42

MAXWELL, J.

This action was brought by Cane against the city of Omaha in the district court of Douglas county, to recover for personal injuries sustained by him on the night of the 15th of December, 1879, in consequence of an obstruction placed by the city in the middle of Thirteenth street in said city. On the trial of the cause in the court below, a verdict was rendered in favor of Cane for the sum of $806, upon which judgment was rendered.

· The errors asigned in the plaintiff's brief will be considered in their order.

*First*, That the verdict is not sustained by sufficient evidence. It appears from the testimony that, on the night the injury occurred, Cane, who was possessed of a mule which was attached to a cart in which Cane and wife were riding, drove into Omaha from the south, and in driving along Thirteenth street, the night being very dark he drove his cart against á brick man-hole rising several feet above the center of the street, overturning the cart and throwing himself and wife on the ground and inflicting serious injuries upon him. There is no doubt as to the serious character of the injuries inflicted, and the question of negligence being properly submitted to the jury, we are of the opinion that there is sufficient testimony, showing a failure of the proper authorities of the city of Omaha to perform their duty in regard to the obstruction in question, to sustain the verdict.

*Second*, That the verdict is contrary to law. The objection made is that the carelessness of Cane himself as well as that of the city operated directly to produce the injury complained of. This objection was evidently made under a misapprehension as to the testimony, as it fails to show negligence on the part of Cane.

*Third*, That the court erred in refusing to grant a continuance. It appears from the record that Cane on cross-

City of Omaha v. Cane.

examination stated that the accident occurred in September and not in December as alleged in the petition. Thereupon the attorney for the city asked for a continuance upon the ground that he was taken by surprise, and that the date was a material fact upon which the city could predicate a defense. It is pretty evident that the object of asking for a continuance was to delay the trial as long as possible, and not because the city had a valid defense to the action; and the court did not err in overruling the motion.

*Fourth*, That the court erred in sustaining a challenge for cause to one D. Kenniston called as a juror. The juror in question was asked if he was a property holder in the city of Omaha, which he answered in the affimative. In answer to a number of questions he stated in substance that he would endeavor to give a fair verdict according to the evidence. The following questions were then put to him:

Q. As a tax-payer you don't want to pay out any more money from the city exchequer than is necessary?

A. No sir. In this I have the same interest that any-one would have.

Q. Is not that such an interest as would influence your verdict in a case of dubious or equally balanced evidence?

A. I hardly think so.

Q. But might it not?

A. I think it might.

The law guarantees to parties fair and impartial jurors, men who are indifferent and will be governed entirely by the evidence in rendering their verdict. This rule should not be relaxed, and where it is apparent from an examination of a juror on his *voir dire* that he will permit his interest in any event to influence him in returning a verdict, he should be rejected. The court did not err therefore in sustaining the challenge to the party named. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.