FULSOM-MORRIS COAL & MINING CO. v. MITCHELL.

No. 2723. Opinion Filed June 11, 1913.

(132 Pac. 1103.)

1. PLEADING—Appeal and Error—Amendment—Discretion. It is not error for the trial court to permit plaintiff, before judgment, to amend his petition to conform to the facts proved, when such amendment does not substantially change the cause of action. The allowance of such amendments rests in the sound discretion of the trial court, and its action in this regard will not be disturbed on appeal, unless it affirmatively appear that its exercise has operated to the prejudice of the rights of the complaining party.

2. TRIAL—Peremptory Instruction—Evidence. It is not error to refuse to give a peremptory instruction, where the testimony upon a material fact in issue is conflicting.

3. SAME—Refusal of Instructions Covered. It is not error to refuse an instruction which states the law of the case correctly, where the court has in its charge covered the point presented by the instruction refused.

4. SAME—Courts are not required to give instructions which necessitate qualification or modification. If not good as requested, it is not error to refuse them.

5. EVIDENCE—Failure to Introduce Witness—Presumption. The failure of a party to introduce a competent witness, who is equally accessible to both the parties litigant, and equally under the legal control of either party, raises no unfavorable inference, and is not a circumstance to be considered against him; and a charge which instructs the jury to the contrary is properly refused.

6. **WITNESSES—Privilege—Waiver.** The testimony of a physician or surgeon concerning any knowledge obtained by him from a physical examination of a patient may be required by the opposite party, where the patient offers himself as a witness and testifies upon the same subject.

(Syllabus by Sharp, C.)

*Error from District Court, Coal County;*
*A. T. West, Judge.*

Action by Jesse N. Mitchell against the Fulsom-Morris Coal & Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. G. Ralls* and *W. B. Johnson,* for plaintiff in error.
*Cutler & McInnis* and *George Trice,* for defendant in error.

Opinion by SHARP, C. It is first urged that the court erred in permitting the plaintiff leave to amend his petition after the testimony for both plaintiff and defendant had been concluded, and after the court had charged the jury. In making the request counsel stated:

"The plaintiff asked leave to amend his petition so as to allege that the crossbar complained of was set below its proper position, instead of bent or sagged below its proper position, in order that the pleadings may conform to the proof."

The defendant thereupon objected to the amendment being allowed, because the evidence in the case had closed, the court had charged the jury, all the witnesses had been discharged, and that the amendment proposed changed the issues in regard to the crossbar. The original petition charged that the injuries sustained were caused by the plaintiff being struck by a crossbar, which was bent or sagged below its proper position a distance of from four to six inches underneath the top of the lift. The amendment charged that the crossbar was set below its proper position. Did the amendment change the cause of action? In such cases, so long as the plaintiff adheres to the injury originally declared upon, a change in the manner of causing the injury is not a new cause of action. The test is whether the proposed amendment is a different matter,

another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony. *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803. Applying this rule to the present case, we find that in both the original petition and amendment thereto the action is for damages for personal injuries resulting from the negligent failure of the defendant to furnish the plaintiff a safe place in which to work, and a failure to warn plaintiff, who was inexperienced in the particular work in which he was at the time engaged, of the dangers of the place. In no material respect did the amendment amount to a change in the allegation as to how the injury occurred. The low bar, a view of which was hidden by the nearby air curtain, was the cause of the injury, and it was immaterial what caused it to be low, whether by being bent or sagged, or by reason of being set below its proper position. The only change was as to how the bar became dangerously low. It is expressly provided by statute (Comp. Laws 1909, sec. 5679) that amendments may be allowed before or after judgment by inserting other allegations material to the case, or to conform the pleadings to the facts proved, when such amendment does not change substantially the plaintiff's claim. Under this statute amendments allowed to pleadings, resting in the sound discretion of the trial court, will not be disturbed on appeal, where it is not affirmatively made to appear that the exercise of this discretion has been abused to the prejudice of the complaining party (*Kuchler et al. v. Weaver,* 23 Okla. 420, 100 Pac. 915, 18 Ann. Cas. 462; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Merchants' & Planters' Ins. Co. v. Crane,* 36 Okla. —, 128 Pac. 260; while a further statute (Comp. Laws 1909, sec. 5682) provides that, where an amended pleading is filed and the court shall be satisfied by affidavit or otherwise that the adverse party cannot be ready for trial in consequence thereof, a continuance, as provided for in said section, may be granted. We may

further add that, where an amended pleading is permitted to be filed after the close of the testimony, and a new issue of fact is thereby presented, which the adverse party is not prepared to meet, a reasonable opportunity should be afforded counsel to present countervailing testimony. The reason therefor is patent. But were the defendant's rights in any wise prejudiced in the case at bar by the denial of his request to have the case continued at the cost of the plaintiff? The witness Duffy, manager of defendant company, had on two different days during the progress of the trial testified to his measurement of the height above the rail of the offending bar. Petrone, who put in the timber at the place of the injury, testified fully concerning the height of the bars. His testimony as to the construction of the lift at the place in question, and particularly as to the bars and curtain, covers several typewritten pages of the record, and is to the effect that the bar which caused the accident was four or five inches lower than other bars, and that it and three or four other such bars were subsequently taken out on account of their being too low. Or, the pit boss, likewise testified, giving his opinion of the height of the bar above the track underneath. So it appears that the exact question tendered by the amendment was fully gone into in the examination of the defendant's own witnesses. The amendment was made to conform to the proof, as stated by counsel at the time. There was no substantial change in the petition, and the change in fact made in no wise prejudicially affected the defendant. *Chandler v. Parker,* 70 Pac. 368; *Ellen v. Lewinson,* 88 Cal. 253, 26 Pac. 109; *Omaha v. Crane,* 15 Neb. 657, 20 N. W. 101.

Defendant's requested instruction No. 4 was properly refused. To have so instructed the jury would have been the equivalent of directing a verdict for the defendant as to the issue of negligence in either the construction or maintenance of the bar. The charge of negligence in this particular was sufficiently shown by the evidence. Likewise requested instruction No. 5 was properly refused. It is fundamental that, where the testi-

mony is conflicting upon a material issue of fact, the question presented is for the jury.

Assignments of error Nos. 6, 7, 8, 9, 10, may properly be considered together. All deal with the refusal to instruct the jury as requested by the defendant. It is a very general rule that it is not error for the trial court to refuse to give a requested instruction upon a proposition, when the same question is submitted to the jury by the court in its charge, and when the instructions given, taken as a whole, fairly submit all the law applicable to the case. *Atchison, T. & S. F. Ry. Co. v. Marks,* 11 Okla. 82, 65 Pac. 996; *Citizens' Bank v. Garnett,* 21 Okla. 200, 95 Pac. 775; *Coalgate Co. v. Hurst,* 25 Okla. 588, 107 Pac. 658; *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391. We think the court's charge sufficiently submitted to the jury for its consideration the law of the case. The charge given is not objected to, except in one particular, and that is not urged or insisted upon in this court.

Finally, it is urged that the court erred in refusing to give the following instruction:

"The court instructs the jury that in this case · the plaintiff has not introduced the doctor that he claimed was called to examine and treat him after the injury, and has not introduced any physician as to the extent of the injuries, and you may consider this fact, in connection with the other evidence, in determining what injuries, if any, the plaintiff sustained; and in this connection the court charges you that if the plaintiff has failed to introduce witnesses who, if present, would testify to material facts, and has failed to account for his failure to introduce such witnesses, then you have the right, if you so decide, to consider that, if said witnesses were present, their evidence would be unfavorable to the plaintiff."

On its face the instruction is objectionable. But one physician, Dr. Logan, had ever attended the plaintiff in connection with his injury; while the instruction directs the jury's attention to the fact that if the plaintiff has not inroduced or explained his failure to introduce, not alone the doctor that was called to see him, but any physician, to testify as to the extent of the injuries sustained, the jury would have the right

to draw unfavorable inferences therefrom. Obviously this is not the law. Courts are not required to give instructions which necessitate qualification or modification. If not good as requested, it is not error to refuse them. *Friedman v. Weisz,* 8 Okla. 392, 58 Pac. 613; *Sanders v. Klein,* 22 Okla. 154, 101 Pac. 267; 11 Enc. Pl. & Pr. 234.

Independent, however, of the foregoing objection, the court properly refused to so instruct the jury. It does not appear that Dr. Logan was subpoenaed as a witness. He resided at Lehigh, in Coal county, a distance of but four miles from the place of trial. It appears from the plaintiff's testimony that Dr. Logan was called to see him immediately after the accident, but on account of plaintiff's suffering no examination was at the time made, or until some six weeks afterwards. Other witnesses, Hewle Hampton, John Moore, Mrs. Garrison, and Leonard Garrison, testified concerning plaintiff's injuries. Hampton and Moore boarded with Mrs. Garrison, where plaintiff boarded and roomed, and where they had full opporunity to become informed of his physical condition. There is a rule of evidence that when a party has it in his possession or power to produce the best evidence of which the case in its nature is susceptible, and withholds it, the fair presumption is that the testimony is withheld from some sinister motive, and that its production would thwart his evil or fraudulent purpose. A further rule requires that where a party has the means of producing a witness who possesses peculiar or higher knowledge of the transaction, and fails to produce him, this affords ground for the suspicion that the testimony of such better informed witness would be unfavorable to his claim. But these rules do not require the production of the greatest amount of evidence, which it is in the power of the party to produce, as to any given fact. All the law requires is sufficient proof, and a litigant is not bound to produce and examine all the witnesses who know anything of the transaction, or, failing to do so, to have the presumption indulged against him that such witness, if produced, would not support his right. *Central of Ga. Ry. Co. v.*

*Bernstein,* 113 Ga. 175, 38 S. E. 394; *Bleeker v. Johnston,* 69 N. Y. 310; *Pollak v. Davidson,* 87 Ala. 551, 6 South. 312; *Pollak v. Harmon,* 94 Ala. 420, 10 South. 156; *Haynes et al. v. McRae,* 101 Ala. 318, 13 South. 270. From the character of Dr. Logan's examination of plaintiff, according to the evidence, if indeed it can properly be called an examination, it cannot be said that the plaintiff had more satisfactory or better or clearer evidence as to the nature and extent of his injuries, which he failed to produce. The evidence, if given, would have been cumulative merely. Lawton on Presumptive Evidence, pp. 152, 168. The rule of presumptive evidence in this respect should be indulged with great caution, and only where it is manifest that the evidence is within the power, or under the control, of the one party, and is not accessible to his adversary; for it cannot be said that the omission of a litigant to call a witness who might equally have been called by his adversary is ground for a presumption that the evidence of the witness, if produced, would have been unfavorable to him. *Bates v. Morris,* 101 Ala. 282, 13 South. 138; *Nems et al. v. Steiner,* 113 Ala. 562, 22 South. 435; *Brock v. State,* 123 Ala. 24, 26 South. 329; *Scovill v. Baldwin,* 27 Conn. 316; *Kerstner v. Vorweg,* 130 Mo. 196, 32 S. W. 298; *Erie R. Co. v. Kane,* 118 Fed. 223, 55 C. C. A. 129.

Defendant was informed on the first day of trial that Dr. Logan had been called in attendance upon the plaintiff. Presumably his attendance, if procurable by plaintiff, could likewise have been obtained by defendant if desired. The doctor's testimony was no longer privileged, under section 5842, Comp. Laws 1909. The plaintiff having offered himself as a witness and testified specifically in regard to his injuries, the doctor's testimony would have been competent either for or against him. *Rosser v. Pease, ante,* 131 Pac. 534.

The remaining assignments of error, not having been argued, are deemed to have been abandoned.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.