## DE GREGORIO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 270.

1. **Intoxicating liquors** 236(9)—**Presence of defendant in room where still was operating not evidence of maintaining nuisance.**

Conviction of defendant for maintaining a nuisance could not be sustained merely because he was present in room where still was in operation.

2. **Intoxicating liquors** 238(1) — **Evidence held to make question of defendant's guilt for manufacturing for jury.**

In prosecution for manufacturing intoxicating liquors, evidence held to make defendant's guilt a question for jury.

3. **Intoxicating liquors** 236(19) — **Presence and participation by defendant in manufacture not enough to sustain conviction for possession of still or alcohol.**

Conviction of defendant for possession, either of still or alcohol, not sustained merely because he was present and participated in manufacture of intoxicating liquors.

4. **Criminal law** 317—**Failure to call other officer held not to create an inference that his testimony would have been unfavorable to prosecution.**

In liquor prosecution, that only one of officers who arrested defendant was called at trial

*held* not to create an inference or require instruction that, as a matter of law, testimony of other would have been unfavorable to prosecution.

**5. Intoxicating liquors ⚖⇒249—Entry of officers to place where still was in operation held legal.**

Where police officers entered a building facing on the street, passed through a hallway, and came out on a yard behind, and there through windows of a second building saw men in a room where still was in active operation, entry of the officers into the room was legal.

**6. Intoxicating liquors ⚖⇒242—Sentence of defendant for manufacturing cannot include both fine and imprisonment.**

In liquor prosecution, sentence of defendant for manufacturing in violation of Volstead Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), which included both fine and imprisonment, was error.

In Error to the District Court of the United States for the Eastern District of New York.

Tony De Gregorio was convicted for manufacturing and possessing intoxicating liquors and maintaining a nuisance, and he brings error. Reversed, and remanded for resentence.

Writ of error to a judgment of conviction under the Volstead Act upon three counts of an information. The first count was for manufacturing, the second for possessing, the third for maintaining a nuisance. The defendant was sentenced generally to six months' imprisonment and one dollar fine.

Thomas J. Cuff, of New York City (Alfred D. Van Buren and Milton Pinkus, both of New York City, of counsel), for plaintiff in error.

Ralph Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH and HAND, Circuit Judges.

PER CURIAM. Two police officers of New York entered a building facing on the street, passed through a hallway, and came out on a yard behind. In the rear of the yard was a second building with windows facing the first building. The officers looked through these and saw two men in a room where there was a still in active operation. They jumped in the windows, and both men ran away. The defendant was caught and arrested; the other man escaped. After his arrest, when asked what he was doing in the rooms, the defendant said that he was not the "boss" but was just a working man.

[1-3] The mere presence of the defendant in the room where the still was in operation was not evidence of maintaining the nuisance and the conviction upon the third count must be reversed. The circumstances were, however, such as to make it proper for the jury to find the defendant guilty under the first count. The still was in active operation, the defendant and his fellow were the only persons present, and one or both were necessarily in charge of the manufacture, because it is absurd to suppose that no one was. The defendant's explanation of what he was doing precluded the theory that he was a mere bystander. In saying that he was not the "boss" but a working man, he must be understood as meaning that he was present as such a working man, though not in charge of the manufacture. His attempted escape corroborates the conclusion that he supposed himself engaged in an unlawful pursuit. An innocent man may run away, but the probabilities are otherwise. A majority of the court think that his presence and participation in the manufacture was not enough to show that he was in possession either of the still or the alcohol. It is equally possible that his companion or a third person was the "boss," as he put it. A servant is not ordinarily in possession.

[4, 5] Two points were raised during the trial: First, as to the charge; second, as to the legality of the police officers' entry. Only one of the officers was called at the trial, and the court refused to charge as matter of law that the failure to call the other created an inference that his testimony would have been unfavorable to the prosecution. The rule has been much misunderstood, and is often misapplied. It does not obtain when the uncalled witness is purely cumulative, and when he was not in a better position to know the facts than those who were called. Bleecker v. Johnston, 69 N. Y. 309; United, etc., Co. v. Cloman, 107 Md. 223, 69 A. 379; People v. Dole, 122 Cal. 486, 55 P. 581, 68 Am. St. Rep. 50; Doe v. Stevens, 36 Ga. 463; Fulsom-Morris Coal Co. v. Mitchell, 37 Okl. 575, 132 P. 1103; Wigmore, § 287. Any other rule would require a party to call all eyewitnesses at the risk of having it presumed that those not called would contradict those who were. The rule has no such purpose; it rests on the notion that the suppression of more cogent evidence than that produced is some indication that it would be unfavorable. Between wit-

nesses having equal opportunity for observation it has never been applied. The entry was legal. Agnello v. United States, 290 F. 671 (C. C. A. 2).

[6] As the punishment under section 29 of title 2 of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138½p) may not include both fine and imprisonment, the sentence under the first count must be reversed, and the cause remanded to the District Court, with instructions to resentence the defendant under that count to such fine or imprisonment as it may be advised, but not to both.

The convictions under the second and third counts are reversed.