Lamuel J. ROBINSON and M. K. & O. Airline Transit Company, Plaintiffs in Error,

v.

Lee A. LANE, Defendant in Error.

No. 42576.

Supreme Court of Oklahoma.

Jan. 26, 1971.

Rehearing Denied Feb. 26, 1971.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for plaintiffs in error.

Paul W. Brightmire, and Donald C. Lane, Tulsa, for defendant in error.

WILLIAMS, Justice:

Plaintiff, defendant in error on appeal, recovered judgment in the trial court for personal injuries he allegedly sustained in automobile accident caused by a limousine driven by defendant Robinson and owned by defendant M. K. & O. Airline Transit Company.

The question presented for our review is whether by offering himself as a witness at trial, plaintiff waived the physician-patient privilege contained in 12 O.S. 1961 § 385, subsection 6, as to certain doctors who had attended and treated plaintiff for the injuries received in the accident but who were not called by him as witnesses.

Immediately after the accident, plaintiff was suffering physical pain and difficulties and consulted a physician. This physician treated plaintiff several days and then referred him to a second physician who hospitalized plaintiff. While in the hospital on this and another occasion, plaintiff was attended and treated by the second physician as well as additional ones.

Approximately one year after the accident, plaintiff was examined by a physician recommended by his attorney. At the trial of this cause in the district court, the plaintiff, besides testifying himself, called this latter physician to testify concerning the extent and severity of the injuries received by plaintiff in the automobile accident. The only other physician called by plaintiff was one who had taken certain x-ray photographs introduced into evidence. After plaintiff had rested his case, defendants called as witnesses two of the physicians who had treated plaintiff in the hospital. Plaintiff entered objections to any testimony by either of the two doctors on the ground such testimony would violate the physician-patient privilege. The objections were sustained by the trial court.

Section 385, 12 O.S.1961, provides:

"The following persons shall be incompetent to testify:

\* \* \* \* \* \*

"6. A physician or surgeon concerning any communication made to him by his patient with reference to any physical or supposed physical disease, or any knowledge obtained by a personal examination of any such patient: Provided, that if a person offer himself as a witness, that is to be deemed a consent to the examination \* \* \*."

In interpreting the quoted statute, this Court, in the third syllabus of Roeser v. Pease, 37 Okl. 222, 131 P. 534 (1913), stated:

"The testimony of a physician or surgeon, concerning any communication made to him by his patient with reference to any physical disease, or any knowledge obtained by him from a physical examination of such patient, may be required, if the patient offers himself as a witness and testifies upon the same subject."

In the syllabus in City of Tulsa v. Wicker, 42 Okl. 539, 141 P. 963 (1914), we held

"A patient, suing a third party for damages for personal injuries, testifying as to the nature and extent of her injuries, and the time and place of treatment, waives the privilege granted by section 5842, Comp.Laws 1909 [now § 385, subsection 6, supra], and renders admissible the testimony of her physician on these subjects."

For similar interpretations of the statutory physician-patient privilege, see Fulsom-Morris Coal & Mining Co. v. Mitchell, 37 Okl. 575, 132 P. 1103 (1913); American Bankers' Ins. Co. v. Hopkins, 67 Okl. 150, 169 P. 489 (1917); Lazzell v. Harvey, 174 Okl. 86, 49 P.2d 519 (1935); Terrell v. First Nat. Bank & Trust Co., 204 Okl. 24, 226 P.2d 431 (1950); and, Strebeck v. Eagle Picher Mining & Smelting Co., Okl., 259 P.2d 536 (1953).

In the instant case, plaintiff voluntarily testified as to the nature and extent of his injuries and the time, place and manner of treatment, and specifically named one of the two physicians from whom defendants sought to elicit testimony. If the rules announced in the above cited decisions were applied, it would appear that by his testimony plaintiff waived the physician-patient privilege as to any testimony by his physicians concerning the same subjects encompassed by plaintiff's testimony.

However, in Hudson v. Blanchard, Okl., 294 P.2d 554 (1956), the waiver clause contained in subsection 6 was more narrowly interpreted. In *Blanchard,* the Court held that one waived the statutory privilege only when he voluntarily testified in reference to "communications" with his physician. As authority for this holding, the Court cited Arizona & New Mexico Ry. Co. v. Clark, 235 U.S. 669, 35 S.Ct. 210, 59 L.Ed. 415 (1915) wherein the Supreme Court was interpreting the Arizona statute providing for the physician-patient privilege. This Arizona statute, A.R.S. 1901, § 2535, subd. 6, provided that the privilege was waived "if a person offer himself as a witness and *voluntarily testify with reference to such communication.*" (Emphasis added). Although it

was recognized in *Blanchard* the waiver clause of the Oklahoma statute stated only "if a person offer himself as a witness" and did not include the phrase "and voluntarily testify with reference to such communication", the Court held the Oklahoma statute would be meaningless and a nullity if not interpreted as was the Arizona Statute in *Clark*.

The physician-patient privilege was not recognized by the English common law. It was first recognized in the United States by the adoption of a statute in New York in 1828. The apparent reasons for the adoption of the privilege were to encourage full disclosure by the patient to his physician and to protect the patient from embarrassment by making secret his communications to the doctor. See Wigmore on Evidence, § 2380, et seq. (3d Ed.).

In reviewing our authorities, we are impressed with the reasoning of these cases, such as City of Tulsa v. Wicker, supra, holding that there is a waiver of the privilege when a patient testifies as to the nature and extent of his injuries and the time and place of treatment. In our opinion, when a litigant testifies concerning a particular ailment and its treatment, he has removed the reasons for the privilege. By his own conduct, he has made known to a jury and the public the ailment or disability he is suffering. After such public disclosure, there is no longer any need for the application of the privilege. We think the better rule, and the one required by the language of subsection 6, § 385, is that he has waived the privilege and the opposing party may call as witnesses any physicians who have attended him for the same ailment or disability the nature and extent of which the patient described in his testimony. Our decision in Hudson v. Blanchard, supra, more narrowly interpreting the waiver clause of subsection 6, 12 O.S.1961 § 385, is overruled.

As the evidence in the trial court was properly excluded under the rule announced in Hudson v. Blanchard, supra, and as such evidence appears from the record to be cumulative to the testimony of defendants' physician, the rule announced herein shall not be applicable to this case or to any action in which the trial court's judgment shall have been rendered prior to the date this opinion becomes final.

Affirmed.

BERRY, C. J., DAVISON, V. C. J., and BLACKBIRD, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.

JACKSON, J., concurs in result.