## CITY OF TULSA v. WICKER.

No. 3459.   Opinion Filed June 23, 1914.

Rehearing Denied July 15, 1914.

(141 Pac. 963.)

**WITNESSES—Privilege—Waiver—Testimony of Physician.** A patient suing a third party for damages for personal injuries, testifying as to the nature and extent of her injuries, and the time and place of treatment, waives the privilege granted by section 5842, Comp. Laws 1909 (Rev. Laws 1910, sec. 5050), and renders admissible the testimony of her physician on these subjects.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action by Mrs. R. L. Wicker against the City of Tulsa, a municipal corporation.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*John R. Ramsey,* for plaintiff in error.

*F. S. Harris* and *Schaeffer & Kerrigan,* for defendant in error.

Opinion by RITTENHOUSE, C.   Plaintiff in error will be designated as defendant, and defendant in error will be designated as plaintiff, in accord with their respective titles in the trial court.

This action was brought by plaintiff against defendant, city of Tulsa, a municipal corporation, to recover damages for injuries to her person and property, alleged to have been occasioned by and through the negligence of the city of Tulsa in not guarding an alleged dangerous excavation at the intersection of Fourth street and Elgin avenue in said city on the 12th day of November, 1909.

During the course of the trial plaintiff offered herself as a witness in her own behalf and testified as to the nature and extent of her injuries, and the time and place of treatment of the same.   Her testimony as to the nature and extent of her injuries was that she was badly bruised across the left hip, and that said bruise was six inches long and as wide as her two fingers; that as a result of such injury she suffered great pain, and was unable to sleep for about fourteen months, and as a result became very nervous.   Her testimony touching the time and place of treatment was that in January, 1910, she consulted Dr. J. E. Webb, who prescribed for her, and she remained under his care until August of the same year, after which time she called at his office for treatment on various occasions.

The defense endeavored to ascertain from Dr. J. E. Webb for what, if anything, he had treated her, and offered to show that he had never at any time prescribed for or treated the plaintiff for an injury to her left hip which was received on or about the 12th day of November, 1909, to all of which plaintiff objected, on the ground that whatever the physician discovered in the course of his treatment of plaintiff was protected by the confidential relation existing as between physician and patient under section 5842, Comp. Laws 1909 (Rev. Laws 1910, sec.

5050), which provides that a physician cannot testify as to any communication made to him by his patient with reference to any physical or supposed physical disease or knowledge obtained by personal examination of any such patient. This section has the proviso, however, that if a person offer himself as a witness, it is to be deemed a consent to the examination. When plaintiff offered herself as a witness in her own behalf relative to the nature and extent of the injuries she had received, and the time and place of treatment, and for which injuries she was suing, she waived the privilege provided by section 5842 (5050), *supra,* of having her communication with her physician treated as confidential. It was therefore error to exclude the testimony of Dr. Webb, after plaintiff had voluntarily testified in her own behalf on these subjects, as it was material in the trial of this cause as to the nature and extent of the plaintiff's injuries, and the time and place of their treatment, and the attending physician was best qualified to give such testimony.

This court held, in *Roeser v. Pease,* 37 Okla. 222, 131 Pac. 534, *St. L. & S. F. R. Co. v. Hurley,* 30 Okla. 333, 120 Pac. 568, and *Fulsom-Morris C. & M. Co. v. Mitchell,* 37 Okla. 575, 132 Pac. 1103, that the testimony of the physician or surgeon concerning any knowledge obtained by him from a physical examination of the patient may be required by the opposite party, if the patient offer himself as a witness and testifies upon the same subject. See, also, Wigmore on Evidence, sec. 2380 *et seq.;* 10 Enc. of Evi. p. 147; *Sovereign Camp of Woodmen of the World v. Grandon,* 64 Neb. 39, 89 N. W. 448; *Hunt v. Blackburn,* 128 U. S. 464, 9 Sup. Ct. 125, 32 L. Ed. 488; *Rauh v. Deutscher Verein,* 29 App. Div. 483, 51 N. Y. Supp. 985; *Lane v. Boicourt,* 128 Ind. 420, 27 N. E. 1111, 25 Am. St. Rep. 442; *People v. Schuyler,* 106 N. Y. 298, 12 N. E. 783; *Treanor v. Manhattan Ry. Co.* (Com. Pl.) 16 N. Y. Supp. 536; *Marx v. Railway Co.,* 56 Hun, 575, 10 N. Y. Supp. 159; *Morris v. N. Y. & W. Ry. Co.,* 148 N. Y. 88, 42 N. E. 410, 51 Am. St. Rep. 675; *In re Burnette,* 73 Kan. 609, 85 Pac. 575.

Numerous objections have been made to the instructions given in this cause; but we do not think that the court will err in instructing the jury on a retrial, in view of the able briefs filed in this cause by both parties. The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.