## LAZZELL v. HARVEY.

No. 22541.   Sept. 10, 1935.

Rehearing Denied Oct. 8, 1935.

H. P. White and J. M. Humphreys, for plaintiff in error.

Humphrey & Spence, for defendant in error.

PHELPS, J.   Plaintiff in error, who was plaintiff below, alleged that on May 23, 1930, he was injured in an automobile accident while riding as an invitee in the car of Theodore Harvey, said injury being occasioned because of the negligence of said Theodore Harvey in driving and operating his car.

He was taken to the hospital at Hominy, where he was treated for the injury received. After being discharged from the hospital, he went to Shawnee, and on July 12, 1930, he was taken violently ill with a throat ailment and taken to the hospital at Shawnee, where he received treatment and an operation upon his throat. He claims that the throat trouble was due to the automobile accident.

The case was tried to a jury in the district court of Osage county, resulting in a verdict for the defendant. On plaintiff's appeal his principal complaint is that the court erred in admitting in evidence the testimony of two doctors and a nurse who treated him at Shawnee, their testimony indicating that his chief trouble was syphilis, his contention being that communications and dealings with them was privileged under subdivision 6 of section 272, O. S. 1931. It is the contention of defendant in error that when he took the witness stand in his own behalf and testified as to his previous good health and as to the treatment he received in the hospital, he waived his right to claim this privilege under another provision of said subdivision 6 of section 272, O. S. 1931, which reads as follows:

"Provided, that if a person offer himself as a witness, that is to be deemed a consent to the examination."

The plaintiff testified that before his injury he "used to work in a bakery shop" and a "little bit in a garage," that he had a good

voice and sang tenor in a quartet and that as a result of the injury to his throat he had lost his voice and at the time of the trial could scarcely talk above a whisper.

It seems to be the well settled law in this state that where a patient, suing a third party for damages for personal injuries, testifies as to the nature and extent of his injuries, he waives the right to claim the privilege of objecting to his physician's testimony. In Roeser v. Pease, 37 Okla. 222, 131 P. 534, in discussing this question, the court said:

"The theory upon which the privilege is based is that a person is entitled to have his physical disabilities protected from public curiosity. If, however, he goes into a court of justice and bases an action upon the existence of a physical disability, and testifies himself as to its existence or nonexistence, he, of course, is not entitled longer to claim a privilege for his condition, and the statute does not contemplate protecting him in such case."

Also, in City of Tulsa v. Wicker, 42 Okla. 539, 141 P. 963, in discussing this question, we said:

"When plaintiff offered herself as a witness in her own behalf relative to the nature and extent of the injuries she had received, and the time and place of treatment, and for which injuries she was suing, she waived the privilege provided by section 5842, supra, of having her communication with her physician treated as confidential. It was therefore error to exclude the testimony of Dr. Webb, after plaintiff had voluntarily testified in her own behalf on these subjects, as it was material in the trial of this cause as to the nature and extent of the plaintiff's injuries, and the time and place of their treatment, and the attending physician was best qualified to give such testimony." (Also see cases therein cited.)

This court also had this question under consideration in C., R. I. & P. Ry. Co. v. Hughes, 64 Okla. 74, 166 P. 411, in which case we used the following language:

"When plaintiff testified in his own behalf as to the nature and extent of his injuries, and to the fact that he called Drs. Gardner and Hailey and detailed their examination and treatment of him, this was a consent by him to the examination of said physicians upon the same subject, and to the disclosure by them of information received by them as a result of such examination. Having testified as to the cause of his injuries, and stated that the right inguinal hernia, of which he complained, was the result of the accident alleged, he became subject to cross-examination upon this part of his testimony the same as any other witness, and it was proper to ask him any question that would tend to disprove his testimony, and to show that said injuries were not received at the time and in the manner claimed by him. King v. Barrett, 11 Ohio St. 261; K. C., F. S. & Memphis R. Co. v. Murray, 55 Kan. 336, 40 P. 646; Inhabitants of Woburn v. Henshaw, 101 Mass. 193, 3 Am. Rep. 333."

It appears that the doctors and nurse, to the introduction of whose testimony plaintiff objected, testified by deposition, and plaintiff in error argues that their testimony, in fact, was taken before he became a witness, and, therefore, the error was committed when their depositions were given. As we view it, there is no merit to this contention, for the reason that the depositions did not become evidence in the case until offered and admitted by the trial court, and this was not done in the instant case until after plaintiff had testified, and in all probability if the plaintiff had not testified to the matters and things constituting a waiver, the trial court would have sustained an objection to the introduction of the testimony when the depositions were offered.

Plaintiff further assigns as error, instructions given by the court and also a requested instruction offered and refused by the court. We have carefully examined the instructions given and instruction offered, and, taken as a whole, it is our conclusion that they fairly state the law applicable to the facts and no error was thereby committed by the trial court.

We have held innumerable times that where there is any reasonable evidence tending to support the verdict of the jury in a cause properly submitted to the jury upon instructions which, as a whole, state the law applicable to plaintiff's cause of action and the defense thereto, that such verdict and judgment rendered thereon will not be disturbed on appeal.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.