**STREBECK v. EAGLE PICHER MINING & SMELTING CO. et al.**

**No. 35507.**

Supreme Court of Oklahoma.

July 14, 1953.

Fred Green and Baker Wall, Sallisaw, for petitioner.

A. C. Wallace, John R. Wallace and Ben T. Owens, Miami, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On February 7, 1950, Tim Strebeck, hereinafter called petitioner, filed a claim for compensation with the State Industrial Commission against Eagle Picher Mining and Smelting Company, hereinafter called respondent, alleging that on March 7, 1949, while in the employ of respondent and engaged in a hazardous employment, he sustained an injury consisting of heat exhaustion which resulted in permanent disability.

After a hearing as provided by law, the trial commissioner found, among other things, that claimant had sustained no accidental injury within the meaning of the statute and entered an order denying the award. This order was sustained on appeal to the commission en banc, and claimant now brings this action to review such order.

At the hearing, claimant testified in detail as to the occasion on which he allegedly suffered heat exhaustion. This evidence was substantiated in some particulars by the testimony of his wife and father.

An examination of the record herein indicates that the order of the trial commissioner was based on a conclusion that claimant did not sustain injuries resulting from a heat stroke or heat exhaustion. The record further discloses that the evidence on this point was in conflict.

Dr. Walden, who first examined claimant almost a year after the alleged injury, testified for claimant that in his opinion claimant is now totally and permanently disabled as a result of the heat exhaustion complained of. Dr. Trow, who examined claimant a few days after the alleged injury, testified that he found no evidence of heat exhaustion. Dr. Stowell, a neurosurgeon, testified that he was unable to find any evidence of an "upper motor neuron lesion" referred to by Dr. Walden. Dr. Ruprecht, a heart specialist, testified that he was unable to find any heart condition or disease attributable to heat stroke or exhaustion. Dr. Bryant and Dr. Kirkland both testified that they thought claimant had suffered a heat stroke or heat exhaustion.

The testimony of lay witnesses was also in conflict. The claimant testified that after the alleged injury he was unable to do any kind of hard manual labor; however, a witness for respondent testified that claimant, about four months after the alleged injury, worked for about six weeks on a bridge construction job doing work that he (witness) considered to be hard work.

Since the evidence was in conflict, the following rule is applicable:

"In an action to review an award of the Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where an award of the commission is supported by competent evidence, the same will not be disturbed * * * on review." Kemp v. Comar Oil Co., Inc., 185 Okl. 527, 94 P.2d 882.

The Dr. Trow referred to above was the personal physician of claimant herein. Claimant did not call him to testify, but chose to base his case-in-chief on his own

538

testimony and that of physicians other than Dr. Trow. In the course of his own testimony, claimant outlined the nature and extent of his injuries and said that he went to Dr. Trow for treatment. Thereafter respondent called Dr. Trow and he was allowed to testify over the objection of claimant that Dr. Trow's testimony was inadmissible by the terms of 12 O.S. 1951 § 385. Such objection was not well taken, because of the following rule:

"A patient, suing a third party for damages for personal injuries, testifying as to the nature and extent of her injuries, and the time and place of treatment, waives the privilege granted by section 5842, Comp. Laws 1909 [Title 12 O.S. 1951 sec. 385], and renders admissible the testimony of her physician on these subjects." City of Tulsa v. Wicker, 42 Okl. 539, 141 P. 963.

The order of the Industrial Commission is sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.