[No. 37952. En Banc. December 8, 1966.]

JOSEPH J. BOND *et al., Petitioners,* v. INDEPENDENT ORDER OF FORESTERS *et al., Respondents.**

*Hennings, Maltman & Weber* and *John R. Weber,* for petitioners.

*Williams, Lanza, Kastner & Gibbs, Joseph J. Lanza,* and *Hugh R. McGough,* for respondents.

OTT, J.—Joseph J. Bond and Lorraine Bond, his wife, commenced an action against the Independent Order of Foresters (her employer), and Raymond W. Scheetz and Elizabeth Scheetz, his wife (owners and managers of the building), to recover damages for personal injuries suffered by Lorraine Bond when a window pane fell on her during the course of her employment as a clerk-typist.

Lorraine Bond's pretrial deposition disclosed the names and addresses of two doctors who had treated her for her

*Reported in 421 P.2d 351.

injuries. Thereafter, the defendant sought a pretrial deposition from Dr. John H. Aberle, one of the two doctors. The doctor was permitted by plaintiffs' counsel to answer the question, "Is Mrs. Bond now a patient?", to which he replied "Yes." When questions were propounded to him regarding the conversation between the patient and the doctor relating to her injury, attorneys for the plaintiffs objected upon the ground that such inquiry was barred by the physician-patient privileged communications statute, RCW 5.60.060(4).

Upon plaintiffs' refusal to permit Dr. Aberle to answer the questions, defendants adjourned the taking of his deposition, and presented a motion to the trial court to compel the doctor to "make available for examination by defendants his records concerning examination of, consultation with, and treatment of plaintiff herein, and answer oral questions put to him concerning such subjects."

The motion was heard and, after argument of counsel, the court ordered the doctor to answer the questions and furnish the requested information, holding that *"By commencement of this suit for personal injuries to herself, plaintiff has waived the patient-physician privilege . . . . Such waiver continues in effect so long as plaintiff continues with this suit."* (Italics ours.)

This court granted plaintiffs' application for a writ of certiorari in order to review the propriety of the order.

The sole question presented is whether the physician-patient privilege afforded by RCW 5.60.060(4) is waived by the institution of an action for personal injuries. We answer the query in the negative.

The legislature, prior to Laws of 1965, in the proper exercise of its function, enacted RCW 5.60.060(4), which provides:

> The following persons shall not be examined as witnesses:
>
> . . . .
>
> (4) A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient,

which was necessary to enable him to prescribe or act for the patient.

 The bringing of an action for personal injuries does not constitute a waiver of the statute. The legislature expressly provided that a regular physician or surgeon shall not be examined *in a civil action* as to any information acquired in attending a patient, without such patient's consent. This legislative enactment is a clear and positive mandate.

The respondents rely upon *Kime v. Niemann,* 64 Wn.2d 394, 391 P.2d 955 (1964), *Randa v. Bear,* 50 Wn.2d 415, 312 P.2d 640 (1957), and *McUne v. Fuqua,* 42 Wn.2d 65, 253 P.2d 632 (1953). None of these cases supports respondents' contention that the bringing of an action for personal injuries constitutes a waiver of the statutory physician-patient privilege.

In *Randa v. Baer, supra,* we said at 416: "The principal question in this case is the proper interpretation of RCW 5.60.060 (4) *as applied to an insured under a medical service contract."* (Italics ours.) The contract which Ann Bear signed expressly waived the statute as follows:

"I hereby expressly authorize any physician or hospital to disclose to GRAYS HARBOR COUNTY MEDICAL SERVICE CORP. any information obtained by having attended me or hereafter attending or examining me, and I understand that GRAYS HARBOR COUNTY MEDICAL SERVICE CORP. will not disclose any information so obtained. Signed Mrs. Ann Bear."

In the cited case, we held there had been a waiver of the privilege for the following reason:

We hold that respondent, *by bringing a suit upon the medical service contract to which she was a party,* and thus placing in issue her physical condition and the ailment for which she was treated, waived the privilege afforded her by the statute. (Italics ours.)

In *Kime v. Niemann, supra,* we held that the mere bringing of an action does not constitute a waiver of the privilege, stating at 396:

In *Randa v. Bear, supra,* we pointed out that the majority rule has been that the bringing of an action, in

which an essential issue is the existence of a physical ailment, does not constitute a waiver. We then said:

" . . . In recent years, this rule has been modified in several states by statutes providing that *the bringing of an action for personal injuries* constitutes a waiver of the privilege as to those injuries. See Annotation, 25 A.L.R. (2d) 1429. (p. 423)

No such statutes have been enacted in this state.

In *McUne v. Fuqua, supra,* the plaintiff had testified at the trial and called three doctors as witnesses, who testified to the nature and extent of his injuries. The plaintiff also stated that, prior to the accident, "he had not consulted a doctor 'for years.' " We there said at 76:

It seems to us that, under these circumstances, appellant must be deemed to have waived the privilege as to any medical testimony which tends to contradict or impeach medical testimony which he has himself offered.

Finally, respondents contend that, since petitioner Lorraine Bond, in her pretrial deposition, testified to the nature and extent of her injuries, she thereby waived the privilege.

█ When a plaintiff responds to a defendant's pretrial subpoena, he appears as an adverse witness and, as such, does not waive the physician-patient privilege. *Randa v. Bear, supra,* at 421, and case cited.

Under our rules of court, the plaintiff must submit to a medical examination by a doctor of defendant's choice. Rule of Pleading, Practice and Procedure 35, RCW vol. 0. The plaintiff may be examined by the defendant as an adverse witness, under the discovery rules of court (RPPP 26, RCW vol. 0), and is required to testify to the nature and extent of his alleged injury.

We are aware that in several jurisdictions the physician-patient privilege statutes specifically provide that the privilege is waived when a civil action for personal injuries is instituted. Whether RCW 5.60.060 (4) should be so amended is a legislative function which rests within the sole discretion of the legislature.

The order of the trial court is vacated.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.

FINLEY, J. (dissenting)—I dissent. Readers of the majority opinion may infer that the waiver found in *Randa v. Bear*, 50 Wn.2d 415, 312 P.2d 640 (1957), was contractually based. Such an inference is incorrect. The court specifically stated in *Randa* (p. 422) that: "[T]he privilege was waived by neither testimony nor contract; the waiver, if any, was implicit in the nature of the action brought by respondent in her cross-complaint."

However, even conceding that the holding in *Randa* was limited to or based upon waiver or consent in those cases involving an action instituted on a medical service contract, I believe that the policy underlying *Randa* and given effect therein sustains the order before us. The policy of *Randa* is the same as the policy of the federal rules of civil procedure. The theory and basic purpose of the federal rules is to eliminate, or at least minimize insofar as possible, the game or sporting theory of justice in the trial of lawsuits, and to substitute a search for truth as the ultimate purpose of courtroom proceedings. In the instant matter, plaintiff, in her answer to written interrogatories, revealed two possibly related earlier claims against the Seattle Transit System for arm injuries. Denying the motion to allow deposing of the treating physician permits the plaintiff to conceal her case before trial, and may very well permit and implement the sporting theory of justice in the trial of this lawsuit.

The majority opinion states that whether or not the filing of a lawsuit for personal injuries constitutes a waiver of the physician-patient privilege is strictly a legislative question. The legislature, however, has already spoken on the matter. The statute creating the physician-patient privilege, RCW 5.60.060(4), states that a physician shall not be examined in a civil action *"without the consent of his patient."* (Italics mine.) Although the language of the statute is in the books for all to see, the statute does not define "consent"; the word's interpretation and application requires judicial evaluation. In *Randa*, this court held that the filing of an action on a medical service contract constituted consent or waiver of the physician-patient privilege. I am persuaded that determining what constitutes "consent" of the patient

remains in the instant case, as it was in *Randa,* a proper judicial function.

In *Randa, supra,* this court (pp. 422-23) quoted the following passage with approval:

> "[T]he *bringing of an action* in which an essential part of the issue is the existence of physical ailment should be a *waiver* of the privilege for all communications concerning that ailment. The whole reason for the privilege is the patient's supposed unwillingness that the ailment should be disclosed to the world at large; hence the bringing of a suit in which the very declaration, and much more the proof, discloses the ailment to the world at large, is of itself an indication that the supposed repugnancy to disclosure does not exist." 8 Wigmore on Evidence (3d ed.) 832, § 2389 (1).

I would adhere to the policy and reasoning of *Randa* and hold that the plaintiff waived her privilege as to all communications *concerning the injuries in issue* by instituting the present suit. It seems clear to me that, once it has been determined that there has been a waiver, it must logically be held to be applicable and effective as to pretrial procedures. See *Mariner v. Great Lakes Dredge & Dock Co.,* 202 F. Supp. 430 (N.D. Ohio 1962), and *Awtry v. United States,* 27 F.R.D. 399 (S.D.N.Y. 1961).

*Kime v. Niemann,* 64 Wn.2d 394, 391 P.2d 955 (1964), holds nothing to the contrary. In *Kime,* a per curiam departmental decision, the issue before us now was not reached because of certain other defects in the pretrial order involved there. The opinion in *Kime* contains the following statements (pp. 397-98):

> Whether a blanket ruling should be made that the filing of a complaint for personal injuries (and before any effort is made to prosecute the action) constitutes a waiver of the doctor-patient privilege—not only with respect to the plaintiff's claimed injuries, but as to his general physical condition—*is yet to be determined.* . . .
> We will not, on this record, pass on the question of when and under what circumstances a patient will be deemed to have waived his privilege. . . . (Italics mine.)

In the recent and well-reasoned decision of *Mathis v. Hilderbrand,* 416 P.2d 8 (Alaska 1966), the Supreme Court of Alaska set aside an order denying a motion to require the plaintiff's physician to testify at a pretrial deposition in a personal injury action. The Alaska physician-patient privilege, created by Alaska Rule of Civil Procedure 43(h)(4), is very similar to ours. The Alaska court emphasized that the medical testimony is needed in order to ascertain the truth, and that the essential purpose of concealment is for tactical maneuvering which may result in injustice. After a careful review of the authorities, the Alaska court stated its conclusions as follows (p.10):

> We accordingly hold that the plaintiffs in this personal injury action waived the physician-patient privilege by the commencement of the action to the extent that attending physicians may be required to testify on pretrial deposition with respect to the injuries sued upon.

I would reach the same conclusion in the instant matter.

The order of the trial court in this case entitled the defendants to depose the two treating physicians named in the complaint "so far as their testimony reasonably relates to the injuries claimed in this suit." This limitation seems a sufficient control against abuse, just as the requirement under Rule of Pleading, Practice, and Procedure 35 that the physical or mental condition of a party must be "in controversy" before an examination is ordered constitutes a sufficient check on that procedural device. And certainly, ordering an actual examination, as is done under Rule 35, has the potential of being a greater invasion of privacy than ordering that information previously disclosed to physicians be revealed. The order before us is so limited as not to be an invitation for a defendant to conduct a fishing expedition into possibly embarrassing personal matters. The requirement, that the information sought must reasonably relate to the injuries alleged, allows legitimate investigation while preventing investigation purely for the purpose of harassment. See, also, Rules of Pleading, Practice, and Procedure 30(d) and 31(d) which provide for the

termination or limiting of depositions taken in bad faith or to annoy, embarrass, or oppress a deponent or party.

The order before us clearly seems to me to be consistent with protecting the justifiable interests of the plaintiff, with the progressive policy of our rules of procedure, and with our traditional concept of litigation as a truth-finding process.

I would affirm the order of the trial court.

DONWORTH, WEAVER, and HAMILTON, JJ., concur with FINLEY, J.

April 3, 1967. Petition for rehearing denied.