**Sharon AVERY, Petitioner,**

v.

**Fred NELSON, Judge of the District Court of Tulsa County, Oklahoma, Respondent.**

**No. 43305.**

Supreme Court of Oklahoma.

April 22, 1969.

As Amended and Rehearing Denied
June 10, 1969.

Sanders & McElroy, Tulsa, for petitioner.

Bert M. Grigg, Tulsa, for respondent.

Dale Reneau, Fenton, Fenton, Smith, Reneau & Moon, John R. Couch, Pierce, Duncan, Couch & Hendrickson, Robert P.

Hall, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, amicus curiae.

Berringer & Briggs, by Dale J. Briggs, Tulsa, amicus curiae, Oklahoma Trial Lawyers Association.

LAVENDER, Justice:

In this original proceeding for a writ of prohibition and/or mandamus against the respondent trial judge we are asked to hold that where one files a damage suit in which he seeks to recover for certain personal injuries that he thus voluntarily injects his physical condition in the case as an issue and thereby waives the privilege against disclosure of the physician-patient communications protected by 12 O.S. 1961, § 385(6).

The statute involved provides in part:

"The following persons shall be incompetent to testify:

* * * * * *

"6. A physician or surgeon concerning any communication made to him by his patient with reference to any physical or supposed physical disease, or any knowledge obtained by a personal examination of any such patient: Provided, that if a person offer himself as a witness, that is to be deemed a consent to the examination; also, if an attorney, clergyman or priest, physician or surgeon on the same subject, within the meaning of the last three subdivisions of this Section."

The plaintiff in the trial court is not a party in this proceeding; however, for simplicity she will sometimes be referred to herein as "plaintiff." The petitioner herein is the defendant in the trial court. She will be hereafter referred to as either "petitioner" or "defendant." The respondent is the judge of the district court of Tulsa County, Oklahoma.

Plaintiff's petition, filed in the court below, alleged in part that she was injured by the negligence of the defendant and she asked damages for such injuries from the defendant. The injuries were generally

described in the petition, a copy of which is annexed to one of the briefs. The allegations of the plaintiff's petition regarding her injuries were placed in issue by the filing of defendant's answer. Thereafter the defendant attempted—first by interrogatories and then by serving a notice to take the plaintiff's doctors' depositions—to discover the evidence which plaintiff probably will present at the trial of the cause to establish her injuries and disability. The plaintiff, at the pretrial of the cause, moved to restrain the taking of her doctors' depositions and the trial court sustained her motion. The motion was upon the grounds that such evidence was privileged from disclosure by the above statute. The defendant's motion that the testimony of plaintiff's doctors be excluded from the trial until defendant has an opportunity to take the depositions was denied by the trial court. At the pretrial, the plaintiff listed as two of the witnesses she intends to call upon at the trial the names of two doctors. It is these doctors' depositions that petitioner seeks to obtain.

The petitioner argues that the modern view is to permit full discovery of any and all evidence which might be material to prove or disprove the issues in litigation; that lawsuits are not surprise parties nor guessing games, but are solemn proceedings in which the primary concern of the law is to find the truth and that this result is better accomplished when both parties to the litigation have equal access to the evidence which will be offered at the trial.

While the court finds itself in complete accord with the views expressed in the preceding paragraph, we also find ourselves facing a statutory proviso regarding the waiver of the protection of the statute, which we believe is controlling, under the circumstances here.

Initially we think it should be said that while the right to take pretrial discovery depositions is afforded by our statutes, even though the purpose may merely be to prepare the taker for trial, the right

is qualified by the statute with which we are concerned here and does not include the right to discover privileged information. Title 12 O.S. 1968 Supp. 434 and Title 12 O.S. 1961 § 435. State ex rel. Westerheide v. Shilling (1942), 190 Okl. 305, 123 P.2d 674. In St. Louis-San Francisco Railway Co. v. Kilgore (1961), Okl., 366 P.2d 936, we said:

> "* * * It was the right and privilege of the plaintiff to refuse the request of the defendants that her doctors be permitted to release information they had received from her or obtained by their examination and treatment of her, as to her injuries or physical condition. * * *"

12 O.S. 1968 Supp. § 548 relating to discovery and production of documents, etc. is limited to those things "not privileged."

This brings us to the question of whether the privilege against disclosure protected by 12 O.S. 1961, § 385(6) has been waived by the plaintiff in the proceeding in the trial court.

Petitioner argues that the plaintiff appeared and answered certain questions at the taking of her deposition by the defendant, which answers pertained to communications she had had with her doctors as well as the extent of her physical disability. We think that a waiver of the privilege statute to be effective must be voluntary. We hold that merely testifying in response to questions of opposing counsel on the occasion of the taking of the plaintiff's deposition as an aid to the defendant does not amount to voluntarily offering oneself as a witness. The situation is comparable to that which existed in Massachusetts Bonding & Ins. Co. v. Jones (1939), 185 Okl. 551, 94 P.2d 885 in which we held that a witness does not wave the privilege by testifying on cross-examination concerning the protected information. See also Bond v. Independent Order of Foresters, 1966, 69 Wash.2d 879, 421 P.2d 351.

Petitioner, arguing that by plaintiff raising the issue of her physical condition

in the litigation thereby waived the statutory privilege, calls our attention to the previous decision of this court in Application of Paul H. Umbach to Enforce Subpoena Duces Tecum Against A. L. Solliday (1960), Okl., 350 P.2d 299. In the cited case we were asked to compel production of income tax records of an individual witness in a lawsuit. The privilege against disclosure of the federal tax returns is guaranteed by a federal statute. We quoted from various federal decisions pertaining to the matter and concluded that because Solliday was only a witness in the litigation we would not compel him to disclose his tax returns. Even if such opinion should be taken as establishing the precedent that injection of income by a party litigant into the cause shall ipso facto operate to waive the federal privilege statute, it does not necessarily follow that the same would be true concerning communications between physician and patient, especially where the specific prohibition of the statute is against a physician testifying to such information unless the patient first testifies concerning it or offers the testimony of the physician on the matter.

In Witte v. Fullerton (1962), Okl., 376 P.2d 244, also cited by petitioner, we recognized the inherent power of a trial court in this state to compel a litigant in a personal injury action to submit to a physical examination by a court-appointed physician. The power was seen as arising from the basic purpose of the administration of justice, which is to ascertain the truth and to administer justice in accord therewith. In that case we did not have before us a statutory privilege against such procedure. The case is not applicable.

In other cases cited by petitioner, which include: Terrell v. First National Bank and Trust Co. (1950), 204 Okl. 24, 226 P.2d 431; Lazzell v. Harvey (1935), 174 Okl. 86, 49 P.2d 519; Roeser v. Pease (1913), 37 Okl. 222, 131 P. 534, and City of Tulsa v. Wicker (1914), 42 Okl. 539, 141 P. 963, where the patient offered himself as a witness and the question was whether the testimony was sufficient to find that a waiver of the statutory privilege had occurred. In this matter, the plaintiff has not yet voluntarily testified. The cited cases are not helpful. In Lazzell v. Harvey, supra, depositions of some of the plaintiff's doctors were obtained prior to the trial (apparently without any objection on the ground the information was privileged) and the depositions were subsequently admitted at the trial, but only after the plaintiff had testified as to his injuries, etc.

We have examined the cases cited by Amicus Curiae from other jurisdictions which apparently hold that the mere filing of a petition as plaintiff filed here is a waiver of the statutory privilege. In none of those cases, however, does it appear that the statutes involved provided the conditions upon which a waiver will be considered to have occurred. The California cases cited appear to be based on a statute in that state which expressly provides that the filing of a personal injury action ipso facto waives the statutory privilege. We are also aware of Professor Wigmore in his work on Evidence Vol. 8 § 2389 where he expresses himself critically as to courts' general reluctance to find that the plaintiff in such proceedings waives the privilege against disclosure. We notice, however, the following statement:

"* * * the state of the law is * * * (a) In actions for personal injury it is generally held that the bringing of an action is not a waiver * * *."

In 21 A.L.R.3d p. 922 appears the following comment:

"* * * where the applicable statute provided that the physician-patient privilege is waived when the person claiming it offers himself or any physician as a witness in his own behalf, it has been held that the commencement of an action involving the plaintiff's physical condition did not in itself constitute a waiver of the privilege."

In the note appear cases to the above effect from Michigan, New Mexico and New

York. Pages 922, 923 and 924 of the A.L.R. 3d citation.

58 Am.Jur. "Witnesses" § 445 indicates that even in the absence of a statutory provision to the effect that the bringing of an action will operate as a waiver the courts have held that a waiver is not implied simply from filing a personal injury action.

In Washington, where the statute (see quoted 445 P.2d 624) is silent regarding the conditions under which a waiver of the statute may be found, the Washington court in Phipps v. Sasser (1968), 445 P.2d 624, expresses the view that in such a proceeding where it becomes apparent that the plaintiff must waive the privilege of the statute at the time of trial the court is authorized to "accelerate" the waiver to the pretrial stage so as to permit discovery of the theretofore protected information. Such evidence then apparently is available for use at the trial regardless of whether or not the plaintiff thereafter formally waives the privilege.

Although we have not had the occasion to pass directly on the problem here presented, this court has held specifically that before any evidence protected from disclosure by the statute may be admitted as evidence or used at the trial of the case the patient must waive the privilege in the statutory method. Hudson v. Blanchard (1956), Okl., 294 P.2d 554. In that case the plaintiff only testified as to the nature of her injuries. We held the testimony of her physician was privileged because she had not testified as to "communications" she had with the doctor.

■ The provision in our statute regarding the conditions under which privileged communications between physician and patient may be received in evidence must be recognized. It is clear and unequivocal and leaves no doubt as to the intent of the legislature in inserting it in the act. This court is not at liberty to enlarge the "conditions" under which a party may be said to have waived the statutory privilege beyond those expressly provided for in the statute. The matter is clearly for the legislature. If it should determine that the privilege statute should be amended to provide that the filing of a lawsuit in which one asks for damages for personal injuries shall be ipso facto a waiver of the privilege, then it is within the prerogative of the legislature to do so.

Petitioner further asserts a lack of authority in the respondent judge to interfere with the statutory right of discovery granted to all litigants, by imposing conditions or restrictions upon the taking of depositions not found in the statutes, where the depositions are to be taken before a notary public (as in this instance) or other officer before whom depositions are authorized by statute to be taken.

Our attention is called to the statutes which authorize such officers to preside at the taking of depositions, but, in the present case, unlike the case of Brightmire v. District Court of Tulsa County et al. (1967), Okl.Cr., 424 P.2d 425, cited by petitioner, the authority of a particular class of officers to preside at the taking of depositions in a particular case is not involved.

Petitioner relies, to a great extent, upon the following statement by this court in Ada Dairy Products Co., Inc. v. Superior Court of Seminole County et al. (1953), Okl., 258 P.2d 939, 941, the second paragraph of which was "accepted" by the Court of Criminal Appeals in the Brightmire case, supra:

"Under 12 O.S. 1951 § 434, either party may take depositions at any time after service of summons, and under 12 O.S. 1951 § 435, the depositions may be taken before any Judge of a court, Clerk of a court, a Justice of the Peace or a Notary Public.

"The respondent, the Judge of the Superior Court of Seminole County, is not vested with jurisdiction to control the taking of depositions; that right is controlled by the terms of the statute."

That statement was made, in the Ada Dairy Products Company case, in answering, in

the negative, a contention that, by serving notice to take depositions, and taking depositions, in a case then pending in the Superior Court of Seminole County, in which that company was the defendant, the company entered a general appearance, thus vesting the court with jurisdiction of the "person" of the company. As we view it, this statement, as made in that case, means no more than a statement that, since, under the deposition statutes cited, the defendant did not have to get the court's permission to take depositions, it had not entered a general appearance in the case by serving notice and taking depositions as authorized by statute. Neither that case, nor the Brightmire case, nor any other case cited by petitioner, involved the authority of a court of record in which an action was pending to prevent one of the parties to such action from eliciting, by deposition taken before trial, over the objection of the party entitled to claim or to waive the privilege, information which, under other statutes, such as 12 O.S. 1961, § 385(6), is "privileged" against disclosure. That is the authority involved herein, and none of the cases cited by the petitioner under this proposition is in point.

■ We hold that the provisions of 12 O.S. 1961, § 385(6) constitute a limitation upon the general authority granted by 12 O.S. 1961, §§ 434 and 435 concerning the taking of depositions; and that, upon proper objection and application by the party entitled to claim or to waive the statutory privilege against disclosure of certain information, the district court in which an action is pending has the duty as well as the authority to prevent another party to the action (who is not entitled to claim or to waive the statutory privilege involved) from eliciting, or attempting to elicit, by deposition taken before trial of the action, any information which, under the provisions of 12 O.S. 1961, § 385(6), is privileged against disclosure in the absence of waiver in the manner provided by that statute.

We do not herein construe the provisions of 12 O.S. 1961, § 385(6) as making phy-sicians *absolutely* incompetent to give their depositions without the consent of their patients, but only as making them incompetent (in the absence of waiver by the patient in the manner therein provided) to testify by deposition, as well as in court, concerning matters which, under the provisions of that statute as heretofore construed by this court, constitute "privileged" information.

However, as we understand the petitioner's petition and brief herein, she is not interested in taking the deposition of either physician concerning matters which would not constitute "privileged" information. Consequently, we treat the petitioner's prayer for a writ as asking for a writ under which she would be allowed to take the depositions of the physicians in question concerning matters which are privileged under the provisions of 12 O.S. 1961, § 385(6). Petitioner is not entitled to such a writ.

■ Petitioners contend further that the trial court committed error in refusing to strike an allegation contained in the plaintiff's petition to the effect that immediately after the accident involved the defendant left the scene thereby implying that the defendant was a "hit and run" driver. The respondent points out that the petition contains an allegation that the defendant was operating her vehicle while under the influence of intoxicants at the time of the accident and that it is therefore competent to show the actions of the defendant both before as well as subsequent to the occurrence of the accident. This is a matter which is properly reviewable on appeal only and we therefore decline at this time to express a view regarding this contention of petitioners.

Writs denied.

IRWIN, C. J., BERRY, V. C. J. and DAVISON and JACKSON, JJ., concur.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.

HODGES and McINERNEY, JJ., dissent.

HODGES, Judge (dissenting).

In my opinion where a person claims personal injuries and furnishes the trial court a list of her witnesses at a pre-trial conference, one of whom is her doctor, she has then effectually waived her statutory physician-patient privilege under 12 O.S. § 385(6).

The purpose of the physician and patient privilege is to enable the patient to secure medical aid without a betrayal of confidence. It was intended as a protection to the patient rather than a mere inhibition to the physician, and thus the statutory privilege may be waived by the patient. 58 Am.Jur., Witnesses, § 437. Once a patient has filed suit and has decided to prove her personal injuries by her doctor, then the rule of privilege communication has no purpose. She at some point in the proceeding must disclose whether she invokes the privilege or waives it. Is it fair and equitable to permit her to wait until after the trial has started? I think not. Justice and fair play dictate that she be required to make this election at a pre-trial conference.

Under our rules for pre-trial hearings, the parties to a lawsuit are required to make a reasonable disclosure of all facts. They are required to disclose the identity and addresses of their witnesses, who may be called to testify, including the subject matter of their testimony. Chapter 2, Title 12, Appendix, Rules for the District Courts, Rule No. 5. It is at this juncture in the trial proceedings that the plaintiff should be required to elect whether or not she intends to invoke her physician-patient privilege under 12 O.S. § 385(6).

At pre-trial the plaintiff knows, or should know, who she will call as witnesses and for what purpose. There is no reason why the plaintiff should be allowed to shroud the proceedings in mystery by first invoking the privilege rule of physician-patient, and then being allowed to waive it after the trial has commenced. The whole concept of modern discovery procedures and pre-trial methods is to eliminate guesswork, surprise and the sporting theory of justice. The plaintiff should be required to elect at pre-trial whether she waives or claims her statutory privilege of physician and patient. This requirement will expedite the trial proceedings and insure a more orderly process of justice. I respectfully dissent.