Jay D. HERBERT, Appellee,

v.

CHICAGO, ROCK ISLAND AND PACIFIC
RAILROAD COMPANY, a corpo-
ration, Appellant.

No. 46508.

Supreme Court of Oklahoma.

Nov. 18, 1975.

Rehearing Denied Jan. 27, 1976.

Stipe, Gossett, Stipe & Harper, Mc-Alester, James E. Driscoll, Seminole, for appellee.

Donald R. Wilson, of Benefield, Shelton & Johnson, Oklahoma City, for appellant.

BERRY, Justice:

Jay D. Herbert [plaintiff] brought action under Federal Employers' Liability Act, 45 U.S.C. § 51, to recover damages from defendant railroad [his employer] for back injury allegedly incurred during course of employment. The jury returned verdict of $107,120 for plaintiff. Defendant appeals.

Defendant first contends trial court erred in denying its motion for continuance.

Defendant's motion for continuance was filed after plaintiff testified at trial. In the motion defendant requested continuance to allow it to depose Dr. M, a nonresident physician who treated plaintiff for the alleged injury. Defendant alleged Dr. M was not subject to subpoena and had refused to attend trial voluntarily. Defendant further alleged it had been unable to obtain Dr. M's deposition prior to trial because plaintiff refused to waive physician-patient privilege.

On appeal defendant contends plaintiff waived physician-patient privilege at trial by testifying concerning injury and treatment, and trial court committed reversible error by overruling motion for continuance. We agree.

Plaintiff's petition alleged that on February 8, 1971, he suffered back injury in course of employment with defendant, and injury was aggravated by events occurring in course of employment on March 11 and May 26, 1971.

At trial plaintiff testified concerning the three incidents and testified he was treated by Dr. T and Dr. S who released him to return to work on July 16. However, his vacation commenced and he and family drove to Illinois. While there he engaged in pursuit unrelated to employment and reinjured his back. Dr. M and Dr. E examined him in Illinois.

He returned home and worked from August 2 until August 13. He then returned to Illinois and Dr. M operated on his back. On August 28, he returned to Oklahoma.

On September 15, he had muscle spasms in back. He was admitted to hospital and treated by Dr. S and Dr. B. On December 17, he was released to return to work on December 27.

At pre-trial conference defendant raised issue concerning its right to depose physicians who treated plaintiff. The pre-trial conference order refers to fact plaintiff "had an Illinois operation and defendant wants a deposition and waiving of privilege or delay in trial for depositions."

The record does not contain an order stating trial court's disposition of defendant's request.

However, exhibits attached to motion for continuance indicate defendant's attorney wrote plaintiff's attorney requesting plain-

tiff waive physician-patient privilege as to Dr. M because it would be impossible to subpoena Dr. M, and stating defendant would request continuance at trial to take Dr. M's deposition if plaintiff waived privilege at trial. Plaintiff refused to waive the privilege.

Further, defendant filed Notice to Take Depositions of treating physicians other than Dr. M. Plaintiff filed motion to quash stating notice was contrary to trial court's ruling at pre-trial conference concerning defendant's request for opportunity to depose all doctors who had treated plaintiff.

We conclude trial court denied defendant's request for opportunity to depose Dr. M prior to trial.

Defendant concedes this ruling was in accord with our prior decisions.

12 O.S.1971 § 385(6) provides:

"The following persons shall be incompetent to testify:

* * * * * *

"6. A physician or surgeon concerning any communication made to him by his patient with reference to any physical or supposed physical disease, or any knowledge obtained by a personal examination of such patient: Provided, that if a person offer himself as a witness, that is to be deemed a consent to the examination; also, if any attorney, clergyman or priest, physician or surgeon on the same subject, within the meaning of the last three subdivisions of this Section. * * *"

We have held discovery statutes are qualified by § 385(6), supra, and do not grant right to discover privileged information in absence of waiver. *Avery v. Nelson,* Okl., 455 P.2d 75; *Gulf Oil Co. v. Woodson,* Okl., 505 P.2d 484. In *Avery v. Nelson,* supra, we recognized statutory waiver occurs only when plaintiff voluntarily offers himself as witness and held that neither filing of petition by plaintiff putting his physical condition in issue, nor defendant's taking of plaintiff's deposition before trial, constituted waiver of the privilege.

However, defendant cites *Robinson v. Lane,* Okl., 480 P.2d 620, for proposition plaintiff waived privilege by testifying at trial concerning injury and treatment.

In the cited case issue was whether plaintiff, by offering himself as witness at trial and testifying concerning injury and treatment, waived physician-patient privilege as to doctors who treated plaintiff for injuries received in the accident, but were not called by plaintiff as witnesses. There we stated:

"* * * In our opinion, when a litigant testifies concerning a particular ailment and its treatment, he has removed the reasons for the privilege. By his own conduct, he has made known to a jury and the public the ailment or disability he is suffering. After such public disclosure, there is no longer any need for the application of the privilege. We think the better rule, and the one required by the language of subsection 6, § 385, is that he has waived the privilege and the opposing party may call as witnesses any physicians who have attended him for the same ailment or disability the nature and extent of which the patient described in his testimony * * *"

In present case plaintiff testified at trial concerning back injury and treatment by Dr. M. We conclude that in so doing plaintiff waived physician-patient privilege insofar as concerns the back injury. Therefore, the issue presented is whether trial court abused its discretion by refusing to grant defendant continuance to take Dr. M's deposition after plaintiff waived the privilege.

The granting of continuance is within sound discretion of trial court and refusal to grant continuance does not constitute reversible error unless abuse of discretion is shown. *Teel v. Gates,* Okl., 482 P.2d 602; *Oklahoma Gas & Electric Co. v. Chez,* Okl., 527 P.2d 165; 12 O.S.1971 §§ 667, 668.

However, in *State v. Duerkson,* 191 Okl., 670, 132 P.2d 649, we held in paragraph 1 of the syllabus:

"When * * * the whole circumstances are such as to require the granting of a postponement in the interest of justice, the denial of a stay or postponement is error as an abuse of judicial discretion."

█ In present case there was dispute in medical evidence concerning extent of disability resulting from injury suffered on February 8, 1971, and whether injury in Illinois was new injury, or was merely a normal consequence of original injury. Dr. M treated plaintiff immediately after Illinois injury and participated in surgery.

In *Avery v. Nelson, supra,* we stated that lawsuits are not surprise parties or guessing games but are solemn proceedings in which the primary concern of the law is to find the truth.

The denial of continuance under these circumstances operated to suppress the best source of proof concerning cause of Illinois injury, the testimony of the physician who treated plaintiff in Illinois. Further, denial of continuance permitted plaintiff to present testimony of some doctors selected by him and to close the mouth of another doctor he had consulted, who might contradict them.

In *Mathis v. Hilerbrand,* Alaska, 416 P. 2d 8, the court recognized plaintiff in personal injury action will generally waive privilege at trial. It then quoted from *Awtry v. United States,* D.C., 27 F.R.D. 399, as follows:

" * * * If the plaintiff goes to trial without waiving his privilege the defendant would undoubtedly have the right to apply for and obtain a suspension of the trial to enable the defendant to go into the subject matter which plaintiff has claimed to be privileged and which is material and necessary in its defense."

We conclude trial court abused its discretion by denying defendant's motion for continuance. See *Mathis v. Hilderbrand,* supra; *Kelley v. Holmes,* 28 Colo.App. 79, 470 P.2d 590; *Collins v. Bair,* Ind., 268 N. E.2d 95; *Lambdin v. Leopard,* 20 Ohio, Misc. 189, 251 N.E.2d 165; *State ex rel. McNutt v. Keet,* Mo., 432 S.W.2d 597.

Plaintiff contends refusal to grant continuance was not reversible error because testimony of Dr. M would not prove or disprove any issue under the pleadings.

We do not agree. One of issues raised by pleadings was extent of disability resulting from back injury incurred by plaintiff while employed by railroad. At trial defendant raised issue that disability arising from injury in Illinois and subsequent surgery was not causally related to injury incurred by plaintiff while employed by railroad. We conclude Dr. M's testimony would be relevant to issue of extent of disability resulting from back injury incurred by plaintiff while employed by railroad.

Plaintiff further contends defendant failed to properly preserve this error because no notice to take deposition of Dr. M was served upon plaintiff.

The pre-trial conference order, the correspondence between the attorneys, and plaintiff's Motion to Quash Notice to Take Depositions indicate this issue was raised at pre-trial conference and defendant was denied opportunity to depose Dr. M prior to trial. We conclude this contention is without merit.

█ Plaintiff further contends motion for continuance was not filed in good faith. In support of this he contends affidavit of defense counsel was insufficient as a matter of law because defense counsel could not make "true" affidavit concerning what Dr. M's testimony would be. Defendant was unable to make true affidavit because defendant had been denied opportunity to depose Dr. M prior to trial. Plaintiff did not present Dr. M as witness. Under these circumstances one can infer testimony of Dr. M would not have been favorable to plaintiff. We conclude this contention is without merit.

Plaintiff further contends granting of continuance would conflict with principles stated in *Avery v. Nelson,* supra, and *Gulf Oil Co. v. Woodson,* supra. We do not agree. Those cases merely hold § 385(6), supra, prohibits defendant from deposing plaintiff's treating physicians prior to trial concerning confidential matters unless plaintiff waives physician-patient privilege. There is nothing in § 385(6) which prohibits trial court from granting continuance to allow defendant to depose plaintiff's physicians after plaintiff has waived privilege at trial.

Plaintiff further contends this is an F.E.L.A. action involving federally created right and any state law which would do violence to Act would be superseded by federal law. It contends that even though state procedural statutes apply to F.E.L.A. actions tried in state courts, any procedural rule which imposes more onerous burden upon F.E.L.A. plaintiff than is ordinary cannot be applied.

We note privilege relied upon by plaintiff is granted by 12 O.S.1971 § 385(6), and is not a federally created right. Furthermore we find nothing in the federal cases contrary to result herein. See *Awtry v. United States,* supra; *Mariner v. Great Lakes Dredge & Dock Co.,* D.C., 202 F.Supp. 430; *Burlage v. Haudenshield,* D.C., 42 F.R.D. 397; *Greene v. Sears, Roebuck & Co.,* D.C., 40 F.R.D. 14.

Plaintiff's final argument is that failure to grant continuance was not reversible error because Dr. M's testimony would probably not have changed result.

We do not agree. Both physicians who testified for plaintiff indicated knowledge of Dr. M's surgical findings would have been helpful to their opinions.

The judgment of trial court is reversed and remanded with directions to grant defendant a new trial.

All Justices concur.