[No. 12779-9-I.   Division One.   October 8, 1984.]

DEBORAH FEESER, *Plaintiff*, WILLIAM F. GROVES, *Petitioner*, v. RAYMOND F. WAHL, ET AL, *Respondents*.

---

*Walthew, Warner, Keefe, Arron, Costello & Thompson, Robert M. Keefe,* and *John P. Walsh,* for petitioner.

*Donald D. Skinner,* for respondents.

SCHOLFIELD, J.—William F. Groves appeals an order striking his note for trial and prohibiting him from renoting the case until he waives his physician–patient privilege. We hold the physician–patient privilege has been waived and strike the order.

Groves was involved in an automobile–motorcycle accident on November 1, 1982. He filed suit against Wahl on November 8, 1982, alleging personal injuries and damages were suffered in the accident. On December 9, 1982, Wahl's counsel propounded interrogatories to Groves. Interrogatory 29 asks for the identity of expert witnesses Groves expected to call as witnesses at trial. Groves responded on January 13, 1983, in part as follows:

Also, medical personnel listed herein who treated plaintiff will testify, based on their medical background and education, relative to the injuries incurred by and treatment accorded to plaintiff.

Answers to other interrogatories supplied the names of physicians and a dentist who treated Groves for his injuries. Following receipt of the interrogatory answers, counsel for Wahl issued a subpoena to the medical record librarian for Harborview Medical Center. The record indicates that Groves received medical treatment and was hospitalized at Harborview Medical Center following the accident.

On January 21, 1983, counsel for Groves addressed a let-

ter to counsel for Wahl acknowledging receipt of the notice of the deposition of the medical record librarian and asserting the physician–patient privilege set forth in RCW 5.60.060(4). The letter then provided as follows:

> You are further advised that once you have pursuant to appropriate motion per Civil Rule 35 obtained an independent medical examination of Deborah Feeser and William F. Groves, those parties will in turn waive their physician–patient privilege and you will be free to examine any and all medical records pertaining to Feeser and Groves.
>
> Copies of this letter are being forwarded to the above delineated medical records librarians with the express instructions that they are not authorized to release any medical records pertaining to Deborah Feeser and William F. Groves. Counsel for those hospitals may feel free to contact the undersigned at any time relative to this matter.[1]

On January 25, 1983, Wahl served and filed a motion for an order striking plaintiffs' note for the trial docket, or, in the alternative, for a determination that the physician–patient privilege had been waived, or an order requiring plaintiff to identify all expert witnesses who would be testifying for plaintiff at the trial at least 6 months prior to commencement of the trial.

Following a hearing of the motion, the trial judge on January 28, 1983, entered an order striking plaintiffs' note for trial and prohibiting plaintiffs from renoting the case for trial until the physician–patient privilege had been waived so that defendants could proceed with discovery of medical evidence.

Both parties ask this court to set a deadline for waiver of the privilege. Groves argues the plaintiff should have to waive the privilege only after the defendant obtains an independent medical examination under CR 35. Wahl, on the other hand, argues that the court should adopt a rule that the filing of a personal injury action constitutes waiver

---

[1]Deborah Feeser was a plaintiff at the time the letter was written but is not involved in this appeal.

of the privilege. We decline to set a rigid rule governing waiver.

RCW 5.60.060(4) provides:

> A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him to prescribe or act for the patient, but this exception shall not apply in any judicial proceeding regarding a child's injuries, neglect or sexual abuse, or the cause thereof.

The physician–patient privilege exists

> "to facilitate and make safe full and confidential disclosure by patient to physician, of all facts, circumstances, and symptoms, untrammeled by apprehension of their subsequent enforced disclosure and publication on the witness stand, to the end that the physician may form a correct opinion and be enabled safely and efficaciously to treat his patient."

13 Wash. L. Rev. 141, 143 (1938) (quoting *In re Will of Bruendl*, 102 Wis. 45, 78 N.W. 169 (1899)).[2]

Both parties cite *Bond v. Independent Order of Foresters*, 69 Wn.2d 879, 421 P.2d 351, 25 A.L.R.3d 1394 (1966) and *Phipps v. Sasser*, 74 Wn.2d 439, 445 P.2d 624 (1968). These cases hold that neither the filing of a summons and complaint alleging personal injuries nor the establishment of a trial date furnishes the basis for concluding in every case that the plaintiff has decided to waive the statutory privilege and put his treating physician on the witness stand.

In *Phipps v. Sasser*, the court states at pages 446–47:

> We would agree that whenever it does become apparent that the plaintiff must decide in favor of waiver, then that waiver should not be delayed until the trial itself. The plaintiff should not have the unfair tactical advantage of a trial waiver which almost invariably results in a continuance and, frequently, in the dismissal of the

---

[2]Both parties have presented this matter on the apparent assumption that everything in the hospital medical records would be covered by the physician–patient privilege. Accordingly, we proceed on the same assumption.

action and another trial.

Certainly, at some stage in the pretrial proceedings, the plaintiff must decide whether he is going to call his treating physician or physicians, and, if he is, then the defendant is entitled to know it in time to take the deposition of such physician or physicians and prepare to meet their testimony.

The *Phipps* court also noted at pages 447–48:

We can see no reason why our trial courts, exercising the same broad discretion, should not treat a plaintiff's inclusion of his treating physician among his list of intended witnesses at trial as indicating his intent to waive his privilege. Such an apparent accelerated waiver could then enable the defense to utilize the full range of pretrial discovery procedures as to the treating physicians named and to the same extent and subject to the same controls as would govern discovery after waiver at trial.

We believe the record before us shows as a matter of law a decision by Groves to waive the physician–patient privilege. The letter of January 21, 1983 to Wahl's counsel clearly stated that once an independent medical examination under CR 35 was obtained, Groves would waive the physician–patient privilege. Such a commitment is completely inconsistent with any claim by Groves that he has not yet made a decision to use his treating physicians as witnesses in the case.

Groves' answers to interrogatories clearly show an intent to call the treating physicians as witnesses at trial. Under these circumstances, accelerated waiver has occurred. The defendants are free to proceed with discovery of medical information unhampered by objections based on the physician–patient privilege.

The trial court here did not expressly find waiver or accelerated waiver but held that the case should not be renoted for trial until Groves had made a decision to waive. If such an order were entered under circumstances where no waiver had yet occurred, the order literally applied would force a plaintiff to waive the physician–patient privilege if he was ever to try his case. There is no authority for

such an order. Under RCW 5.60.060(4) and the cases construing that statute, a plaintiff can proceed to trial on a personal injury claim without waiving the physician–patient privilege where he does not use that physician as a witness in the case. *Phipps v. Sasser, supra.*

The order of the trial court is set aside, and Groves is free to renote his case for trial.

Remanded to the trial court for further proceedings consistent with this opinion.

SWANSON and RINGOLD, JJ., concur.

Review denied by Supreme Court December 19, 1984.