2003 OK 47

**David ELLIS, M.D. and Jane Ellis, individually and as surviving parents and next friend of Daniel Ellis, deceased, Petitioners,**

v.

**The Honorable Noma D. GURICH, Judge of the District Court of Oklahoma County, Seventh Judicial District, et al., Respondents.**

No. 99,032

Supreme Court of Oklahoma.

May 6, 2003.

As Corrected May 7, 2003.

*ORDER*

Original jurisdiction is assumed. Art. 7 § 4, Okla. Const. **The Court finds, after hearing, that**

(1) the underlying wrongful death action, which is founded on allegations of medical malpractice, was brought by the petitioners pursuant to 12 O.S.2001 § 1053;

(2) they seek recovery on only those items of damage which are allowed by statute;

(3) with respect to grief, loss of companionship, and the like, no expert witnesses are expected to testify;

(4) the respondent–judge concluded that the mere "filing" of the underlying action "placed [petitioners']...physical, mental or emotional condition in issue," making their mental health care history, if any, discoverable.

*The Court concludes and holds that*

(1) the filing of a wrongful death action is not *ipso facto* a waiver of the psychotherapist–patient privilege held by a plaintiff pursuant to 12 O.S. 2001 § 2503. *Higginbotham v. Jackson,* 1994 OK 8, ¶0, 869 P.2d 319; *Nitzel v. Jackson,* 1994 OK 49. ¶ 1, 879 P.2d 1222, 1223; see also *Avery v. Nelson,* 1969 OK 75, ¶ 17, 455 P.2d 75, 79;

(2) grief and loss of companionship are items of recovery in a statutory wrongful death action, not elements of a claim or cause of action for medical malpractice. 12 O.S. 2001 § 1053; *Death of Lofton v. Green,* 1995 OK 109, ¶ 11, 905 P.2d 790, 793; *Crossett v. Andrews,* 1954 OK 224, ¶ 4, 277 P.2d 117, 118; *Lone Star Gas Co. v. Parsons,* 1932 OK 497, ¶ 28, 159 Okla. 52, 14 P.2d 369, 376;

(3) petitioners do not rely upon their mental or emotional conditions as an element of their claims within the meaning of 12 O.S. 2001 § 2503(D)(3). See *Kraszewski v. Baptist Medical Center of Oklahoma, Inc.,* 1996 OK 141, ¶ 1, n.2, 916 P.2d 241, 244, n. 2; *Computer Publications, Inc. v. Welton,* 2002 OK 50, ¶13, 49 P.3d 732, 736;

(4) the self–executing terms of 76 O.S. 2001 § 19(B) provide no legal grounds for compelling the disclosure of protected confidential information or communications required to be revealed by the order under

consideration, because the petitioners are not patients whose medical or other health care records are within the scope of discovery authorized by § 19(B). See *Johnson v. District Court of Oklahoma County*, 1987 OK 47,¶ 4, 738 P.2d 151, 153; *Seaberg v. Lockard*, 1990 OK 40, ¶ 3, 800 P.2d 230, 231.

Let the writ issue, prohibiting the respondent-judge, or any other assigned judge, in the underlying action, cause No. CJ–2002–3271, on the docket of the District Court, Oklahoma County, from enforcing the order, filed on March 25, 2003, to the extent that it "relates to discovery of psychiatrists, psychologists, therapists and/or counselors" and to the discovery of the mental health care history, if any, of petitioners. *Brown v. Blevins*, 1998 OK 104, 968 P.2d 1218. See also *Bain v. Superior Court*, 148 Ariz. 331, 714 P.2d 824, 828 (Ariz.1986

WATT, C.J., HODGES, LAVENDER, HARGRAVE, KAUGER, SUMMERS, BOUDREAU, WINCHESTER, JJ. Concur.