Beverly NITZEL and Margie
Carter, Petitioners,

v.

The Honorable Niles JACKSON,
District Judge, Respondent.

No. 82571.

Supreme Court of Oklahoma.

May 10, 1994.

As Corrected June 14, 1994.

Jeff. R. Laird, Oklahoma City, for petitioner.

John Hargrave & Michael Ryan, Edmonds, Cole, Hargrave, Givens & Witzke, Oklahoma City, for respondent.

Scott Rhodes & Haven Tobias, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, amicus curiae for respondent.

D. Norman Easter, II, Speck, Easter & Hayden, Oklahoma City, amicus curiae for respondent.

George Davis & Connie Bryan, McKinney, Stringer & Webster, Oklahoma City, amicus curiae for respondent.

Gerald Durbin, David Donchin, Durbin, Larimore & Bialick, Oklahoma City, amicus curiae for respondent.

Gerald F. Pignato, Manchester & Pignato, Oklahoma City, amicus curiae for respondent.

## ORDER

HODGES, Chief Justice.

The petition for rehearing filed by the respondent, Honorable Niles Jackson (district judge), is granted. The accompany-

ing motion for oral argument is denied. Applications to file amicus curiae briefs are granted. Upon consideration of the petitioners', Beverly Nitzel and Margie Carter (collectively, injured parties/plaintiffs), application to assume original jurisdiction and petition for writ of prohibition, and the briefs of the amicus curiae, THE COURT FINDS:

1) Title 12 O.S.1991 § 3226(B)(1) allows discovery of any unprivileged relevant information. Prior medical records relating to the injuries claimed to have been caused by the tortfeasor fall outside the patient-physician privilege. Title 12 O.S.1991 § 2503(D)(3). They are relevant in a personal injury suit to the injuries claimed and may be discovered under § 3226(B)(1). However, the privilege is waived only to the extent of the condition claimed to have been caused by the negligence of the tortfeasor. There is no statutory discovery method contained in the Oklahoma Discovery Code, 12 O.S.1991 § 3224 et seq., which requires a plaintiff in a personal injury lawsuit to execute a general medical authorization entitling the defendant to obtain all of the plaintiffs' medical records. Records relating to an injured party's private medical insurance coverage are not relevant to the issues in a personal injury action. Such insurance is a collateral source which may not inure to the benefit of the defendant and it is inadmissible at trial. *Porter v. Manes*, 347 P.2d 210, 212 (Okla.1959).

2) The injured parties have waived any claim for lost wages. Their employment records are irrelevant; they are not subject to discovery pursuant to 12 O.S.1991 § 3226(B)(1).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that rehearing is granted. The writ of prohibition is granted. The previous order is modified to provide that health insurance payments and employment records may not be discovered.* Discovery of medical records relating to the injuries claimed may proceed. The motion for oral argument is denied. Applications to file amicus curiae briefs are granted.

LAVENDER, V.C.J., and SIMMS, OPALA, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

HARGRAVE, J., disqualified.

ALMA WILSON dissented from footnote only.

---

* The previous order provides in pertinent part: "Original jurisdiction is assumed. Let the writ issue prohibiting respondent, Niles Jackson, District Judge, Oklahoma County, or any other assigned Judge, from enforcing discovery order filed November 8, 1993 in Cause No. CJ–93–990–65 on the docket of the District Court, Oklahoma County. The discovery therein allowed is too broad. Sufficient cause has not been shown for the production sought. *Carman v. Fishel*, Okl., 418 P.2d 963 (1966). Production of employment records and medical records is hereby confined to those from the date of the accident forward. Prior health insurance information is not discoverable. Discovery is not without limitation. It must lead or tend to lead to relevant evidence. Fishing expeditions are not allowed upon the suggestion that something may or might be discovered...."