**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TREVA L. JOHNSON

      Plaintiff - Appellant,

      v.

HATHCOCK TRUCK LINES;
SAMMY T. OTWELL,

      Defendants - Appellees.

No. 97-6315
(D. Ct. No. 96-CV-1049-T)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **TACHA**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a final judgment entered by the district court in accordance with a jury verdict for the defense. On appeal, plaintiff raises eleven

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

separate allegations of reversible error. We take jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

Plaintiff Treva L. Johnson brought a personal injury action in the Western District of Oklahoma pursuant to 28 U.S.C. § 1332 after she, heading north, struck the end of defendants' trailer as it made a left turn to head south. A four-way stop sign marked the intersection where the accident occurred. Defendant Sammy T. Otwell drove and defendant Hathcock Truck Lines owned the truck.

Defendants maintain that the accident occurred because plaintiff, impaired by alcohol, failed to stop at the intersection. Plaintiff denies any impairment. Instead, she argues that she never saw the stop sign for any of several reasons: 1) it was bent over; 2) the reflective material was old and not properly operative; 3) the headlights of defendants' truck were in her eyes; and/or 4) the trailer blocked her view of the sign. In addition, plaintiff contends that Mr. Otwell improperly cut the corner when turning, thereby placing the trailer in her lane of traffic, and that the trailer's running lights must have been inoperative for her not to see the trailer. After a full trial, the jury returned a verdict for defendants. This appeal followed. Additional essential facts will appear in our discussion of each of the plaintiff's individual claims below.

## Discussion

## I. Alleged Error No. 1: Improper Accusation of Perjury

At the conclusion of defense counsel's cross-examination of Mr. Mathews, plaintiff's rebuttal witness, he posed following question: "Do you know what perjury is Mr. Mathews?" Plaintiff contends that the district court committed reversible error by overruling her objection to this query. We disagree. Federal Rule of Evidence 611 asserts that the trial court shall exercise control over the mode and order of interrogating witnesses and presenting evidence. We will not disturb the district court's conduct of trial proceedings, including rulings on motions and objections, unless the record affirmatively shows that it abused its discretion. See Higgins v. Martin Marietta Corp., 752 F.2d 492, 498 (10th Cir. 1985).

We find that the trial court did not abuse its discretion in overruling plaintiff's objection. Unlike the conduct in the 1920s cases upon which plaintiff relies, this single question did not constitute such a "bitter and passionate" attack on the witness so as to arouse the prejudice of the jury. Indeed, the question was not even a direct charge of perjury.

Additionally, we find that plaintiff suffered no prejudice from the timing of the court's ruling, which occurred immediately after Mr. Mathews had been excused as a witness. Although plaintiff contends that she suffered prejudice because the timing of the court's ruling precluded any redirect examination of Mr.

Mathews, the record is devoid of any indication that plaintiff desired redirect. In fact, moments after excusing the witness and overruling the objection, the court, at a bench conference, asked whether both parties now rested their cases. Plaintiff answered yes. Thus, this court does not find that the ruling or actions of the district court constitute reversible error.

## II. Alleged Error No. 2 - Treatment of Witness Mr. Mathews

### A. Denial of Plaintiff's Motion to Add an Expert

Plaintiff next contends that the court erred in denying her motion to add Mr. Mathews as an expert witness after submission of the final witness list. At the time plaintiff prepared her list of expert witnesses, Mr. Mathews was recuperating from heart surgery and unavailable to testify. Some five months after filing her initial witness list, plaintiff submitted a motion for leave to add Mr. Mathews to her expert list on June 2, 1997, after learning that Mr. Mathews had returned to work. The district court denied her motion on June 9, 1997.

Federal Rule of Civil Procedure 16(b) states that a "schedul[ing order] shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, the district judge has considerable latitude in determining whether a scheduling departure is warranted. Moreover, the "admissibility of expert testimony is within the broad discretion of the trial court and is reviewed for abuse of discretion only." Curtis v. Oklahoma City Pub. Schs. Bd. of Educ., 147

F.3d 1200, 1219 (10 th Cir. 1998); see also, e.g. , Summers v. Missouri Pac. R.R. Sys. , 132 F.3d 599, 603 (10 th Cir. 1997). Thus, the district court had broad discretion as to whether plaintiff could add Mr. Mathews to her list of experts. It did not abuse that discretion here.

Plaintiff attempts to bolster her argument by claiming that because of the delay of the pretrial proceedings and discovery, defendants would have had ample opportunity to depose Mr. Mathews and therefore not be prejudiced by the addition. We disagree. The conduct of the plaintiff and plaintiff's counsel in this case undoubtedly contributed to these delays. Plaintiff's counsel failed to comply with court orders to compel discovery and was nearly held in contempt. Plaintiff also failed to appear for her scheduled deposition, for which she was sanctioned. We refuse to reward such behavior by using it as an excuse to extend the deadline for other discovery purposes.

## B. District Court's Comments

Plaintiff further alleges that the court committed reversible error by calling Mr. Mathews a "so-called expert" in the presence of the jury, thereby undermining his credibility, and by attempting to cut off plaintiff's examination of him. We disagree. Mr. Mathews was not called as an expert witness. Rather, the record indicates that at a bench conference the court used its discretion, over objection of the defense, to allow Mr. Mathews to testify only as a rebuttal

- 5 -

witness.  Because Mr. Mathews was not testifying as an expert, it is hard to see how the court's referral to him as a "so-called expert" undermines his credibility as a lay witness.  In any event, we find that this characterization does not constitute reversible error.

Furthermore, plaintiff's additional complaint that the trial court impermissibly attempted to cut off questioning has no merit.  The trial court has broad discretion to ensure that rebuttal testimony does not exceed fixed boundaries.   See United States v. Olivo   , 80 F.3d 1466, 1470 (10 [th] Cir. 1996) ("A trial court has broad discretion to admit or exclude rebuttal evidence.").  The record indicates that the district court merely prevented plaintiff from questioning Mr. Mathews about matters beyond the permissible scope of rebuttal.

## III.  Alleged Error No. 3: Bias of Trial Court

This court takes an allegation of bias on the part of a district court judge very seriously.  In this case, we find the claim completely unfounded.

On June 30, 1997, the magistrate judge ordered plaintiff to produce all medical records relating to the accident.  Plaintiff's counsel produced the records, but made approximately twenty to twenty-five redactions.  Defendants moved to compel production of the deleted portions.   The district court granted this request on July 22, 1997, and directed plaintiff's attorney to produce the unredacted records no later than 5:00 pm on Thursday, July 24, 1997.  Plaintiff's counsel

again refused to properly produce the documents, and on July 25, 1997, the trial court ordered a contempt hearing for July 29, 1997, to give plaintiff's counsel an opportunity to show cause why he had not obeyed the order. Plaintiff's claim of bias rests primarily on comments made by the district court at this contempt hearing.

During the contempt hearing, the court rebuked plaintiff's counsel for attempting to extend the time of the discovery order despite the clear July 24 deadline. The court also noted that counsel's conduct had impeded the case and distracted the court from other pressing matters. It further commented upon counsel's lack of familiarity with the rules of the court and applicable statutes in the case, but did state that it was "not too late to redeem" himself. None of these comments show prejudicial bias.

Plaintiff also points to six additional items that she claims evidence bias on the part of the court during the trial. The first four concern the district court's supervision of the direct and cross-examination of Mr. Mathews, discussed above. The last two points occurred during the direct examination of Damon Smoot, an expert witness and former truck driver. During the examination, plaintiff alleges the district court improperly "cut off" Mr. Smoot's testimony regarding two critical issues. After a careful review of the record, we find that none of these additional items suggest district court bias.

In sum, we find that the record reveals no bias in the conduct of the judge before or during trial. To the contrary, the record reflects the district court's unflagging efforts to ensure that all parties received a fair trial.

## IV. Alleged Error No. 4: Trial Court's Conduct During Plaintiff's Closing Argument

Plaintiff contends that the lower court committed reversible error by admonishing her counsel during closing arguments. We disagree. The trial judge maintains considerable discretion in supervising arguments of counsel. See Ramsey v. Culpepper, 738 F.2d 1092, 1100 (10th Cir. 1984). It is not an abuse of the court's discretion to interrupt closing arguments and administer mild admonitions to correct an apparently improper argument. See United States v. Rosenfeld, 545 F.2d 98, 103 (10th Cir. 1976). During a lengthy bench conference, counsel for both sides agreed to stipulate that plaintiff had not been prosecuted for driving under the influence (DUI) or while intoxicated (DWI). Plaintiff's counsel violated this stipulation during his closing argument by stating that his client had not been charged with DUI or DWI. The trial court corrected counsel by declaring that his statement was improper and contrary to the stipulation, and advised the jury to disregard it. Immediately after this correction, plaintiff's counsel again declared that his client had not been charged. Noting that counsel had violated the stipulation twice within a minute and a half, the court advised counsel that under the precise terms of the agreement, he should have stated

"prosecuted" rather than "charged." This conduct falls well within the court's discretion of supervising arguments.

**V.  Alleged Errors Nos. 5 & 6: Jury Instructions**

Plaintiff argues that the district court erred in failing to instruct the jury that backing across an intersection constitutes negligence per se and that it erred in not giving a specific instruction on the issue of making an improper turn. We disagree. The "admission or exclusion of a particular jury instruction is within the sound discretion of the trial court." Okland Oil Co. v. Conoco, Inc., 144 F.3d 1308, 1324 (10 th Cir. 1998). In addition, we conduct a de novo review of the instructions to determine whether, as a whole, they accurately stated "the governing law and provided the jury with an ample understanding of the issues and applicable standards." Id.

We find that the trial court did not commit reversible error in failing to instruct the jury that backing across an intersection is negligence per se. Given the scant evidence in the record indicating that defendant Otwell backed his truck across an intersection, the trial court did not err in refusing to give plaintiff's proffered instruction, nor were the instructions as a whole misleading or incomplete due to this omission.

We further hold that the court did not err by failing to giving a specific instruction regarding an improper turn. First, plaintiff admits that she did not

object to the omission. Second, plaintiff admits that this "may not be reversible error standing alone." Appellant's Br. at 36-37. Third, nothing in the record indicates that plaintiff requested any particular instruction dealing with this issue. Finally, failure to instruct the jury regarding the alleged improper turn did not make the instructions as a whole inaccurate or misleading.

## VI. Alleged Error No. 7: Dismissal of Prospective Juror

Plaintiff contends that the district court committed reversible error by dismissing a prospective juror, a retired truck driver, despite his assertion that he could be fair and objective. We disagree. The district court has the duty and authority to dismiss jurors for cause. See 28 U.S.C. § 1870 ("All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the court."). Considering that the entire case hinged upon the negligence of a truck driver, the district court certainly did not abuse its discretion when it dismissed a juror with thirty-two years of truck driving experience. In any event, plaintiff apparently failed to object to the discharge of the juror and therefore did not properly preserve the issue for review. See Vanskike v. ACF Indus., 665 F.2d 188, 207 (8th Cir. 1981).

## VII. Alleged Error No. 8: Issuance of Subpoenas Duces Tecum Without Notice

Plaintiff argues that the issuance of seventeen subpoenas duces tecum by defendants' counsel without notice to plaintiff constitutes a violation of her

constitutional right to privacy under the Fourth Amendment, a violation of physician-patient privilege, and a violation of Rule 45 of the Federal Rules of Civil Procedure. Plaintiff notes that "the remedy to plaintiff at this point is monetary sanctions . . . and an order for defendants' attorney to return [the improper discovery material with a signed affidavit stating] that no copies will be retained." Appellant's Br. at 43. Because the district court has previously ordered that defendants return all records obtained by the improper subpoenas in its June 30, 1997, order and plaintiff makes no assertion that defendant failed to comply with this directive, we do not address that request.

This court will reverse the denial of monetary discovery sanctions only if it finds that the district court abused its discretion. See, e.g. , Gomez v. Martin Marietta Corp. , 50 F.3d 1511, 1519 (10 th Cir. 1995); Ehrenhaus v. Reynolds , 965 F.2d 916, 920 (10 th Cir. 1992). The record indicates that the district court undertook a careful inquiry of the issues raised by plaintiff and made a detailed decision in its order of June 30, 1997. The court stated:

> Defense counsel claims that the lack of notice to Plaintiff's counsel was a clerical oversight, and although Plaintiff's counsel does not agree, he offers no evidence otherwise. Defense counsel further claims that when the error was discovered, attempts were made to remedy the situation by providing Plaintiff with copies of all documents received and offering to provide copies to Plaintiff's counsel notifying parties in writing to disregard subpoenas if no response had been made; offering to agree to a protective order with respect to the documents; placing the documents received in a separate file and agreeing not to read them; acknowledging the

- 11 -

mistake and apologizing; and taking corrective measures to prevent a reoccurrence.

The court concluded:

> Because the undersigned finds neither deliberate action on the part of the Defendants nor serious prejudice or damage to Plaintiff, Plaintiff's motion is denied for suppression of evidence and other sanctions with the exception that defense counsel are ordered to return any records obtained by the subpoenas which have not been returned to the producer of such records.

We cannot find that the district court abused its discretion in its handling of this matter.

## VIII.  Alleged Error No. 9: Sanctions Against Plaintiff

Plaintiff argues that she should not have been sanctioned by the district court for her failure to appear at a noticed deposition on May 27, 1997.  We disagree.  As noted above, we "review rulings on discovery sanctions for abuse of discretion in light of the totality of the circumstances."  Gomez, 50 F.3d at 1519. We find that the district court did not abuse its discretion in awarding defendants their attorneys' fees and costs for the failure of plaintiff to appear at the noticed deposition.  There is ample evidence in the record to support the district court's conclusion that defendants did not violate their agreement to "try" to set deposition by agreement rather than notice, including the district court's recognition of five separate letters that span the months of January to May in which defense counsel requested convenient deposition dates.  Therefore, the

- 12 -

sanctions set by the district court will stand.

## IX.  Alleged Error No. 10: Independent Medical Exam

Plaintiff next claims that the trial court erred in ordering her to appear at an independent medical examination.  As plaintiff notes, given that no examination occurred, this issue is pertinent only if this court decides to reverse and remand the case for a new trial.  Because we affirm, we need not address this issue.

## X.  Alleged Error No. 11: Order to Compel

Finally, plaintiff contends that the trial court erred in ordering the production of unredacted medical records stemming from the accident and sanctioning plaintiff's counsel for failing to timely submit them.  Plaintiff asserts that under  Nitzel v. Jackson  , 879 P.2d 1222 (Okla. 1994), portions of the report were not discoverable.  In its order compelling production of the unredacted medical records, the district court found plaintiff's reliance on        Nitzel  misplaced because medical records pertaining to the night of the accident were relevant, not privileged, and discoverable.

We review de novo the district court's determination of state law and the corresponding scope of privilege.      See  Frontier Ref., Inc. v. Gorman-Rupp Co.     , 136 F.3d 695, 700 (10  [th] Cir. 1998).  We agree with the district court that no privilege existed to support the plaintiff's redaction of the medical records.  In our view, the  Nitzel  court sought simply to ensure the relevancy of discovered

material and prevent "fishing expeditions." 879 P.2d at 1223 & n.*. The Oklahoma Supreme Court's recognition that a tort plaintiff's patient-physician privilege applies to information unrelated to her claim underscores the court's primary concern with relevancy as it relates to waiver of privilege.      See id. (finding that filing a personal injury claim does not require a plaintiff "to execute a general medical authorization entitling the defendant to obtain all of the plaintiff's medical records"). Here, plaintiff's counsel redacted medical reports from the night plaintiff was injured. These records were undoubtedly relevant to plaintiff's personal injury claim because they reveal her physical condition immediately following the accident. We find that plaintiff's waiver of the physician-patient privilege by filing this personal injury action extends to these relevant medical records. Therefore, the district court was correct to compel their production.

Finally, we uphold the sanctions against plaintiff's counsel for failing to produce the records when ordered by the magistrate judge. The trial court did not abuse its discretion in this regard.

## Conclusion

Based upon the foregoing conclusions, we find no reversible error and AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge